No. 72–1681. HAMPTON *v.* DITTY. Appeal from Ct. App. Ky. It appearing that appellant, who sought to enjoin a state criminal proceeding pending against him, died on January 20, 1973, the appeal is dismissed. *Gersewitz* v. *New York,* 326 U. S. 687 (1945); *Pennsylvania* v. *Linde,* 409 U. S. 1031 (1972). See *Durham* v. *United States,* 401 U. S. 481, 482 (1971).

MR. JUSTICE DOUGLAS, concurring.

If this were a case where appellant had been convicted under a state statute which he claimed to be unconstitutional under the Federal Constitution, our procedure arguably should not be a mere dismissal of the appeal. For that appeal would bring here a federal question as a matter of right and then the appellant would not have had the benefit of the final constitutional adjudication to which he was entitled—a distinction that my Brother BLACKMUN noted in his dissent in *Durham* v. *United States,* 401 U. S. 481, 484 (1971). In that case the formula of *Durham*—vacating and remanding for dismissal of the judgment—might be the most appropriate remedy in both state and federal cases, saving cases here on certiorari from state courts to be dismissed, since certiorari is in our discretion. But here there was no criminal conviction; the suit in the state court merely involved an attempt to enjoin a criminal prosecution; and there are

no ongoing penalties or disabilities adhering in a judgment entered before the federal question had been finally resolved. Hence I concur in the judgment of this Court.