**UNITED STATES of America, Appellee,**

v.

**Francois ROSSI, Defendant-Appellant.**

**No. 285, Docket 76–1234.**

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1976.

Decided Nov. 11, 1976.

Certiorari Denied Feb. 28, 1977. See 97 S.Ct. 1178.

Joseph Beeler, Miami, Fla. (Albert J. Krieger, New York City, Donna R. Blaustein, Miami Beach, Fla., of counsel), for defendant-appellant.

Peter R. Schlam, Asst. U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty. for the Eastern District of New York, Brooklyn, N. Y., of counsel), for appellee.

Before FEINBERG, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

On October 16, 1972, appellant was charged in indictment 72–CR–1162 issued in the United States District Court for the Eastern District of New York with conspiring to traffic in narcotics between January 1969 and September 1972. On February 13, 1973, the United States requested Spanish authorities to provisionally arrest appellant pending a formal request for his extradition. On February 15, 1973, a second indictment 73–CR–164, was issued in the Eastern District charging appellant with conspiring to traffic in narcotics between 1965 and the date of the indictment. The government then requested appellant's extradition from Spain. Although this request was based on indictment 73–CR–164, the order of the Spanish court directing extradition listed the dates of the conspiracy as running from January 1969 to September 1972, the period covered by indictment 72–CR–1162.

Appellant was tried and convicted under indictment 73–CR–164, and this is an appeal from that conviction. Appellant asserts that the discrepancy between the dates contained in the order of extradition and those of indictment 73–CR–164 deprived the District Court of jurisdiction under the "principle of specialty" which restricts prosecution to the crime for which extradition was specifically granted. *United States v. Rausch-*

*er,* 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886).

In *United States v. Paroutian,* 299 F.2d 486 (2d Cir. 1962), the defendant was extradited from Lebanon on the basis of an indictment issued in the Southern District of New York charging him with narcotics trafficking in violation of former sections 173 and 174 of Title 21, U.S.C. but was tried on a subsequent indictment issued in the Eastern District which included two counts—receipt and concealment of heroin—not covered by the Southern District's indictment. We upheld the jurisdiction of the District Court in that case on the ground that the Lebanese would not consider "that [defendant] was tried for anything else but the offense for which he was extradited, namely, trafficking in narcotics". *United States v. Paroutian, supra,* 299 F.2d at 491. We think the same reasoning is dispositive of appellant's contentions on this appeal.

Appellant's other assertions of error merit no discussion. The judgment of conviction is affirmed.