UNITED STATES of America, Appellee,

v.

John Aubrey JETTER, a/k/a Jack Jetters, Appellant.

UNITED STATES of America, Appellee,

v.

Randall Eugene MANICCIA, Appellant.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1983.

Decided Nov. 28, 1983.

---

Richard C. Turner, U.S. Atty., Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Kermit L. Dunahoo, Des Moines, Iowa, for appellant in No. 83–1336.

John R. Sandre, Des Moines, for appellant in No. 83–1355.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

John Aubrey Jetter and Randall Eugene Maniccia appeal from their convictions for distribution of cocaine and conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841, 846. Appellants contend that the district court lacked jurisdiction to try them because they were tried on charges not listed in the extradition treaty, because they were tried on charges other than what they were extradited for, and because the extradition proceeding conducted in Costa Rica violated appellants' due process rights.

We affirm the judgments of the district court.[1]

The basic facts are not in dispute. Jetter and Maniccia were charged with conspiracy to distribute cocaine and possession with intent to distribute cocaine by indictment dated March 31, 1982. When appellants failed to appear in court for their trial on June 7, 1982, a warrant was issued for their arrest. On July 6, 1982 appellants were arrested in Costa Rica by Costa Rican authorities. On September 3, 1982 the United States made a formal request to the Ministry of Foreign Affairs in Costa Rica for the extradition of appellants. In this request the United States government provided the Costa Rican authorities with copies of the records of the pending legal proceedings, including copies of the indictment, along with identifying data and copies of the statutes which defined the crimes for which the United States sought extradition.

Thereafter a hearing was held by the Second Criminal Court of San Jose. Appellants did not personally appear at the hearing but were instead represented by counsel. On November 2, 1982 The Honorable Clarence Cardenas entered his ruling in favor of extradition pursuant to the extradition treaties between the United States and Costa Rica in force at the time. On July 11, 1983 this ruling was reviewed and upheld by The Honorable Jeannette Sanchez Castillo. Judge Castillo appended a copy of the original indictment to the decision in order to clarify the offenses for which appellants were extradited.

Following appellants' return to the United States, Jetter was found guilty of conspiracy to distribute and distribution of cocaine, and Maniccia was found guilty of conspiracy to distribute cocaine in a nonjury trial held on December 7, 1982. Subsequently, appellants' counsel renewed their pretrial motions to dismiss and also filed motions in arrest of judgment. The district court, following a hearing, denied the motions on March 3, 1983. Jetter was sen-

---

1. The Honorable Harold O. Vietor, United States District Judge, Southern District of Iowa.

tenced to two concurrent terms of eight years imprisonment while Maniccia was sentenced to five years imprisonment.

■ Appellants' first point of error is that the district court erred in permitting them to be tried on charges that were not listed in the extradition treaty. Specifically, they allege the crime of conspiracy is not an extraditable offense under the 1922 extradition treaty between the United States and Costa Rica. *See* Extradition Treaty, November 10, 1922, United States-Costa Rica, 43 Stat. 1621, T.S. No. 668.

This argument is utterly without merit. The short and conclusive answer is that while the treaty of 1922 does not list conspiracy as an extraditable offense, the Amended Convention on Narcotic Drugs, signed by both the United States and Costa Rica in 1972, does. *See* Amended Convention on Narcotic Drugs, March 25, 1972, T.I.A.S. No. 8118, art. XIV, §§ 1(a), 2(a)(ii), 2(b).

■ Appellants next argue that since the Costa Rican court's Ruling in Favor of Extradition does not specifically contain the conspiracy charge, the district court lacked jurisdiction to try appellants. We disagree. In support of their contention, appellants rely on the "Principle of Specialty" enunciated by the Supreme Court in *United States v. Rauscher,* 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886). This principle is that an accused person can only be tried for the offenses with which he is charged in the proceedings for his extradition. *Id.* at 430, 7 S.Ct. at 246. The basic rationale for the rule is comity and the desire to "prevent the United States from violating international agreements...." *Fiocconi v. Attorney General of United States,* 462 F.2d 475, 480 (2d Cir.), *cert. denied,* 409 U.S. 1059, 93 S.Ct. 552, 34 L.Ed.2d 511 (1972).

We do not believe this principle requires reversal here. In determining whether the principle has been abrogated in a given instance, the circuit courts have inquired "whether the surrendering state would regard the prosecution at issue as a breach." *See, e.g., id.; United States v. Paroutian,* 299 F.2d 486, 491 (2d Cir.1962). Here, it is clear that Costa Rica would not object to appellants' trial on the conspiracy counts. The Costa Rican court had the indictment before it. The extradition order approved extradition on the charges contained in the indictment and the indictment contained the conspiracy charge. More importantly, Judge Cardenas specifically cited the sections of the United States conspiracy statute in his ruling. In these circumstances, jurisdiction is not lost simply because the Costa Rican judge apparently inadvertently failed to mention the word "conspiracy" in his ruling. *See id.; see also United States v. Rossi,* 545 F.2d 814 (2d Cir.1976), *cert. denied,* 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 584 (1977).

■ As their final point, appellants contend that they were not personally brought before the judge in Costa Rica, thereby violating Articles XI and XII of the treaty of 1922 as well as depriving appellants of due process. This contention is without merit. We cannot discern a violation of the treaty since nowhere does it prohibit appearance through counsel. As for the alleged due process violation, even assuming appellants' rights to some extent were infringed, this did not impair the district court's jurisdiction. We find here no such shocking conduct on the part of the United States as would militate against assertion of jurisdiction. *See United States v. Cordero,* 668 F.2d 32, 36–38 (1st Cir.1981); *United States v. Romano,* 706 F.2d 370, 372–74 (2d Cir.1983).

In sum, we reject all of appellants' arguments and affirm the district court.