**UNITED STATES ex. rel. CABRERA (Consul General for the Republic of Colombia, Impleaded), Petitioner,**

**v.**

**WARDEN, METROPOLITAN CORRECTIONAL CENTER, Respondent.**

86 Civ. 1669 (MEL).

United States District Court, S.D. New York.

March 10, 1986.

LaRossa, Mitchell & Ross, New York City, for petitioner; John W. Mitchell, of counsel.

Rudolph W. Giuliani, U.S. Atty., New York City, for the U.S.; Deborah J. Stavile, Asst. U.S. Atty., of counsel.

LASKER, District Judge.

Jose Antonio Cabrera Sarmiento ("Cabrera") petitions for a writ of habeas corpus directing that he be returned to the Republic of Colombia. Until recently Cabrera was residing in the Republic of Colombia and was a fugitive from prosecution on various indictments pending in this district, in the Southern District of Florida, and in the State of Florida. On February 14, 1986 Cabrera and four others were extradited to the United States. He and a co-defendant were taken to the Metropolitan Correctional Center ("MCC") in this district after a brief stop for medical examination and change of aircraft in Miami, Florida.

Shortly after his arrival in New York an examination of the extradition papers applying to his case revealed that those papers authorized Cabrera's prosecution only on charges pending against him which were brought by the State of Florida and not charges pending against him as a result of one or more indictments in this district.

Cabrera claims that in view of the fact that his extradition was authorized for the sole purpose of prosecution by the State of Florida, his transportation to New York and his arraignment here constitute a violation of the extradition treaty between the United States of America and the Republic of Colombia, as well as the Rule of Specialty, and that it deprives this court of jurisdiction over his person and deprives the State of Florida of the right to proceed against him, because according to Cabrera, Florida waived its right to try him by knowingly permitting his transportation to the Southern District of New York.[1] On February 25, 1986, at Cabrera's request, it was ordered that he should remain in custody in this district pending a decision on this petition.

The government concedes that it transported Cabrera to New York incorrectly but denies that its doing so constituted a violation of the treaty. It asserts that the Rule of Specialty has not been violated and that, in any event, Cabrera has no standing to raise these issues. It requests that it be permitted to transport Cabrera to the State of Florida, which it commits itself to do.

■ The application for a writ is denied. That the Republic of Colombia is of the view that the treaty between it and the United States has not been violated is made clear by a diplomatic note received in connection with these proceedings from the Embassy of Colombia, dated February 27, 1986. Cabrera impleaded the Colombian government in this case and thereafter on February 26, 1986 Colombian representatives visited Cabrera at the MCC. After having visited him, the Colombian Embassy addressed the following diplomatic note to the United States:

in accordance [with] instructions from the Minister of Justice, Enrique Paraj Gonzalez, [the Ambassador] transmits herewith ... the official position of the Colombian Government with regard to one Colombian citizen Jose Antonio Cabrera-Sarmiento.

1) According to Executive Resolutions 339 of November 20, 1985 and 43 of February 12, 1986, Mr. Cabrera can only be judged in the United States for [Florida indictments and charges specified].

2) The Government of Colombia is aware that Mr. Cabrera Sarmiento is presently detained in New York City, where he was taken after his arrival from Colombia to United States territory.

3) The Government of Colombia reiterates, once more, than Mr. Cabrera Sarmiento can only be judged for the above-mentioned counts, which are the competence of the State of Florida, not of the Court of the State of New York.

4) The Government of Colombia wishes to state that the Extradition Treaty between Colombia and the United States will be honored if Mr. Cabrera-Sarmiento is tried for the charges of the Court of Florida, not for the charges of the State of New York.

The Embassy of Colombia avails itself of this opportunity to renew to the Department of State the assurances of its highest consideration.[2]

It is evident from Paragraph 4 of the diplomatic note, which states that "[t]he Extradition Treaty between Colombia and the United States will be honored if Mr. Cabrera Sarmiento is tried for the charges of the Court of Florida, not for the charges of the State of New York," that the

---

1. Cabrera also complains of mistreatment by officials of the United States government in the course of his transportation from Colombia to New York. The unrebutted affidavit of Kenneth Hill, Supervisory Inspector, United States Marshals Service, relates the circumstances under which Cabrera was transported from Colombia to the United States and is persuasive that Cabrera was not mistreated at the hands of United States personnel.

2. Exhibit 1 to the Affidavit of Deborah J. Stavile, Assistant United States Attorney (unofficial translation).

government of Colombia finds no violation in what has occurred to date and confirms that the treaty will be satisfied if Cabrera is transported to and tried for the charges pending in Florida.

■ Nor has the provision of Article 15 of the treaty been violated which specifies that "a person extradited under the treaty shall not be detained, tried or punished ... for an offense other than that for which extradition has been granted" because Cabrera has not been tried or punished in this district and although he has *de facto* been detained, that detention has not been for an offense other than those with which he has been charged by the State of Florida but rather has resulted from the government's original lack of knowledge of the terms of extradition[3] and the petitioner's own request that he be permitted to remain in this district pending the determination of this application.

■ There is no merit to Cabrera's claim that the Rule of Specialty has been violated in this case. That rule requires that an extradited defendant cannot be tried or punished for any offense not specified by the asylum country (in this case Colombia) in the extradition papers. In Cabrera's case, although it is true that since his arrival in the Southern District of New York, and before the government determined the limitations of the extradition papers, he has been arraigned before a Magistrate on Southern District charges in New York, he has not been tried or punished for any such charge and, accordingly, the Rule of Specialty has not been violated.

■ Moreover, we agree with the government that Cabrera himself has no standing to raise questions of the violation of either the treaty or the Rule of Special-ty. As the Court of Appeals for this Circuit said in *Shapiro v. Ferrandina*, 478 F.2d 894, 906 (2d Cir.), *cert. dismissed*, 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973), "As a matter of international law, the principle of specialty has been viewed as a privilege of the asylum state, designed to protect its dignity and interests, rather than a right accruing to the accused."

The State of Florida has moved to intervene as a party defendant. Its motion is not opposed by either party and is therefore granted. We find no merit in petitioner's contention that the State of Florida has waived its right to try the petitioner. He points to no actions whatsoever that indicate a knowing, deliberate intention on the part of Florida to cede or give up the rights conferred upon it by the extradition papers.

The petition for writ of habeas corpus is denied.

It is so ordered.

---

**3.** The reasons that United States government officials were unaware of the fact that the extradition papers were limited to Florida State charges only are (1) that the government had been led to believe from communications with the Office of International Affairs of the U.S. Department of Justice, which itself had been advised by the Colombian government that Cabrera's extradition on S.D.N.Y. charges had been approved by the Colombian Supreme Court, that Cabrera was being extradited pursu-ant to the request by the United States Attorney for the Southern District of New York, and (2) that the documents provided by the Colombian government to the United States Marshals who received Cabrera in Colombia were written in Spanish and the marshals could not read Spanish. *See* Affidavit of Deborah J. Stavile, Assistant United States Attorney; Affidavit of Kenneth Hill, Supervisory Inspector, United States Marshals Service.