UNITED STATES of America,

v.

Severo ESCOBAR, et al., Defendants.

No. 84 Cr. 51 (MEL).

United States District Court,
S.D. New York.

March 10, 1986.

arraignment here since he was not, as a matter of law, available for trial at the time of arraignment and has not been available since.

Moreover, we agree with the government that even if the speedy trial clock were triggered by the arraignment, further elapsing of time under the Act would be tolled until the completion of his prosecution in Florida and his return to this district. Finally, even if neither of these propositions were true, the "ends of justice" would require an extension of time for his trial pursuant to 18 U.S.C. § 3161(h)(8)(A) until he has been prosecuted in Florida and has been returned to this district.

It is so ordered.

LASKER, District Judge.

In connection with the petition for writ of habeas corpus filed by the defendant Jose Antonio Cabrera Sarmiento, No. 86 Civ. 1669(MEL), he argues that his arraignment in this district on February 15, 1986 with regard to charges pending against him in the Southern District of New York "triggers" the speedy trial provisions of 18 U.S.C. § 3161 *et seq.* Whether or not the arraignment might have that effect under normal circumstances it does not in the case at hand.

As explained in a memorandum of this date denying Cabrera's petition for writ of habeas corpus, his arraignment on February 15, 1986 took place because the United States Government justifiably believed that the papers authorizing Cabrera's extradition to this country also authorized his prosecution in this district. A later examination of those papers established that they authorized only his prosecution in and by the State of Florida. Under the circumstances, the Speedy Trial Act's provisions were not triggered by his

