**UNITED STATES of America,**

v.

**Leonard E. STURTZ, Defendant.**

**No. 86 Cr. 403 (LLS).**

United States District Court,
S.D. New York.

Nov. 17, 1986.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for U.S.; David Spears, Asst. U.S. Atty., of counsel.

Baden Kramer Huffman & Brodsky, P.C., New York City, for defendant; William M. Brodsky, of counsel.

## MEMORANDUM OPINION ORDER

STANTON, District Judge.

Defendant Leonard Sturtz was indicted in May, 1986 with six counts of selling unregistered securities in violation of the Securities Act of 1933 and four counts of interstate transportation of fraudulently obtained funds in violation of 18 U.S.C. § 2314. A superseding indictment was filed in August, 1986 dropping two of the counts of the sale of unregistered securities and adding six new counts of such sales; changing the format of the sale of unregistered securities charge; adding five counts of fraud in the sale of securities; and changing the four counts of interstate transportation in violation of 18 U.S.C. § 2314 to four counts of wire fraud in violation of 18 U.S.C. § 1343. Defendant moves pursuant to (a) Fed.R.Crim.P. 12 for an order dismissing counts 1 through 6 and 11 through 16 of the superseding indictment for violation of the doctrine of spe-

cialty; (b) Fed.R.Crim.P. 7(f) for a bill of particulars; (c) Fed.R.Crim.P. 16 for pretrial disclosure of "3500" material.

### Motion to Dismiss Counts 1 through 6 and 11 through 16 of the Indictment

Defendant moves to dismiss counts 1 through 6 and 11 through 16 of the superseding indictment on the ground that these counts violate the doctrine of specialty. Defendant's motion is denied.

The Second Circuit has defined the principle of specialty as providing that "the requisitioning state may not, without permission of the asylum state, try or punish the fugitive for any crimes committed before the extradition except the crimes for which he was extradited." *Shapiro v. Ferrandina*, 478 F.2d 894, 905 (2d Cir.), *cert. denied*, 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973) (quoting Friedman, Lissitzyn & Pugh, International Law 493 (1969)). A fundamental concern of the doctrine is that persons who are surrendered should not be subject to indiscriminate prosecution by the receiving government, especially for political crimes. *Fiocconi v. Attorney General of the United States*, 462 F.2d 475, 481 (2d Cir.), *cert. denied*, 409 U.S. 1059, 93 S.Ct. 552, 34 L.Ed.2d 511 (1972). A superseding indictment which charges offenses of the same character as the crime for which the fugitive was extradited does not offend the doctrine. *See United States v. Rossi*, 545 F.2d 814, 815 (2d Cir.1976), *cert. denied*, 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 584 (1977); *Fiocconi*, 462 F.2d at 481; *United States v. Paroutian*, 299 F.2d 486, 490–91 (2d Cir.1962); *United States v. Molina-Chacon*, 627 F.Supp. 1253, 1264 (E.D.N.Y. 1986). If, however, the superseding indictment adds "separate offenses," the doctrine may be offended. *See Fiocconi*, 462 F.2d at 480–81.

In determining whether a separate offense has been added, this Circuit does not use a technical standard. "[T]he test whether trial is for a 'separate offense' should be not some technical refinement of local law, but whether the extraditing country would consider the offense actually tried 'separate.'" *Paroutian*, 299 F.2d at 490–91. The general character of the crime for which the fugitive was extradited is used to determine whether a superseding indictment adds a separate offense. *See id; Rossi*, 545 F.2d at 815; *Fiocconi*, 462 F.2d at 481.

■ Counts 1 through 6 and count 11 plead additional victims of the same scheme alleged in counts 1 through 6 of the original indictment. These new counts are not separate offenses within the purview of the doctrine of specialty. *Cf. Rossi*, 545 F.2d at 815 (general offense of trafficking in narcotics permitted broader time frame); *Molina-Chacon*, 627 F.Supp. at 1264 (general heroin conspiracy permitted enlargement in number of offenses). Counts 12 through 16 in the superseding indictment charge the defendant with the same general offense for which his deportation was sought—violations of the Security Act of 1933. These counts do not constitute separate offenses for the doctrine's purposes. *Cf. Paroutian*, 299 F.2d at 490–91; *Fiocconi*, 462 F.2d at 481.

Accordingly, it is unnecessary to reach the merits of whether the doctrine of specialty applies when a fugitive is expelled by the asylum state, because here the doctrine, even if applicable, would have no effect. Even if the doctrine applied, the superseding indictment does not add any separate offenses. Defendant's motion to dismiss counts 1 through 6 and 11 through 16 based on the doctrine of specialty is denied.

### Bill of Particulars

■ The defendant moves pursuant to Fed.R.Crim.P. 7(f) for a bill of particulars setting forth the details of the defendant's alleged sale of unregistered securities, fraudulent sale of securities and wire fraud. The purpose of a bill of particulars is to supplement the allegations in the indictment when necessary to (1) enable the defendant to prepare his defense, (2) avoid unfair surprise to the defendant at trial, and (3) preclude a second prosecution for the same offense. *Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 302, 71

L.Ed. 545 (1927); *United States v. Salazar,* 485 F.2d 1272, 1277 (2d Cir.1973), *cert. denied,* 415 U.S. 985, 94 S.Ct. 1579, 39 L.Ed.2d 882 (1974). A bill of particulars is not to be used as a general discovery tool for the defense, and one should not be required merely to provide the defendant a pre-trial view of the government's evidence and legal theories. *See United States v. Gottlieb,* 493 F.2d 987, 994 (2d Cir.1974); *United States v. Payden,* 613 F.Supp. 800, 816 (S.D.N.Y.1985); *United States v. Nelson,* 606 F.Supp. 1378, 1390 (S.D.N.Y.1985); *United States v. Wilson,* 565 F.Supp. 1416, 1438–39 (S.D.N.Y.1983); *United States v. Shoher,* 555 F.Supp. 346, 350 (S.D.N.Y. 1983); *United States v. Mannino,* 480 F.Supp. 1182, 1185 (S.D.N.Y.1979).

In deciding a motion for a bill of particulars the court should determine whether the defendant has been sufficiently appraised, by means of the indictment, prior proceedings and discovery, "of the essential facts of the crime for which he has been indicted...." *Salazar,* 485 F.2d at 1278; *see also Payden,* 613 F.Supp. at 816. The indictment in this case provides the names of purchasers to whom the defendant allegedly sold unregistered securities, and the dates of such sales; names of purchasers to whom the defendant allegedly fraudulently sold securities, and the dates of such sales; and dates and locations involved in the alleged wire fraud communications. The government has also provided in their letter of August 8, 1986 to defendant's attorney various specific misrepresentations and omissions allegedly made by the defendant. In addition, the government has permitted the defendant to examine the 16 transfile boxes that were subpoenaed from the prior SEC proceedings against the defendant.

The indictment, the prosecution's letter and the foregoing disclosures give the defendant adequate notice of the charges against him. *See United States v. Pollack,* 534 F.2d 964, 970 (D.C.Cir.), *cert. denied,* 429 U.S. 924, 97 S.Ct. 324, 50 L.Ed.2d 292 (1976). Defendant's motion for a bill of particulars is denied.

*Discovery Motion*

Defendant has made an oral motion requesting the Court to order the government to produce its "3500" material prior to trial. The motion is denied.

Section 3500(b) of Title 18, United States Code, provides that the Court "shall" order statements by government witnesses to be produced only after the witness has testified on direct examination. In addition, Rule 16(a)(2) of the Federal Rules of Criminal Procedure carefully carves out "statements made by government witnesses or prospective government witnesses" as not discoverable prior to trial; rather, such statements are supplied to defendants only "as provided in 18 U.S.C. § 3500."

A district court has no jurisdiction to order the disclosure of statements of the government's prospective witnesses before their direct testimony at trial. *See United States v. Sebastian,* 497 F.2d 1267, 1268–70 (2d Cir.1974); *United States v. Percevault,* 490 F.2d 126, 132 (2d Cir.1974); *United States v. Nakashian,* 635 F.Supp. 761, 774 (S.D.N.Y.1986). Accordingly, defendant's motion is denied.