**UNITED STATES of America**

v.

**Jose Antonio CABRERA SARMIENTO, Defendant.**

**No. SS 84 Cr. 51 (MEL).**

United States District Court, S.D. New York.

April 30, 1987.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for the U.S.; Deborah J. Stavile, Asst. U.S. Atty., of counsel.

Philip R. Edelbaum, New York City, for defendant.

LASKER, District Judge.

Jose Antonio Cabrera Sarmiento ("Cabrera") moves to dismiss the pending indictment on the grounds that his extradition from the Republic of Colombia did not authorize his prosecution both in the State of Florida and in the Southern District of New York, that the extradition order was invalid on its face, and that the time period within which he should have been brought to trial under the Speedy Trial Act, 18 U.S.C. §§ 3161–74 (1982), has expired. Cabrera also requests an order directing the production to him of all affidavits of United States government officials which supported the request for his extradition under this indictment.

Until February 1986 Cabrera was a fugitive from prosecution on various indictments pending in this district, in the Southern District of Florida, and in the State of Florida. On February 14, 1986, Cabrera and others were extradited to the United States, and Cabrera was transported to the Southern District of New York and arraigned here on charges contained in SS 84

Cr. 51 (MEL). Shortly after Cabrera's arrival in New York, it was learned that the papers authorizing his extradition provided for his prosecution on the Florida state charges but not on the Southern District of New York charges.

Thereafter, Cabrera petitioned for a writ of habeas corpus directing that he be returned to Colombia because his transportation to and arraignment in New York violated the extradition treaty between the United States and Colombia, as well as the rule of specialty, and thereby deprived this court of jurisdiction over his person. Cabrera's habeas corpus petition was denied. *See United States ex rel. Cabrera v. Warden, Metropolitan Correctional Center,* 629 F.Supp. 699 (S.D.N.Y.1986). Cabrera was not prosecuted in this district at that time and was instead transported to Florida for prosecution in accordance with the terms of the grant of extradition.

In connection with the habeas corpus petition, Cabrera also argued that his arraignment in this district on February 15, 1986, triggered the running of the Speedy Trial Act's time limitation provisions. This court concluded that "[u]nder the circumstances, the Speedy Trial Act's provisions were not triggered by his arraignment here since he was not, as a matter of law, available for trial at the time of arraignment and has not been available since." *United States v. Escobar,* 630 F.Supp. 254, 255 (S.D.N.Y. 1986).

On March 18, 1986, the President of Colombia signed Executive Resolution No. 92 authorizing Cabrera's extradition on, *inter alia,* counts one and five of the pending indictment.[1] On January 26, 1987, following the conclusion of his prosecutions in Florida, Cabrera was returned to the Southern District of New York on a writ of habeas corpus ad prosequendum.

Cabrera bases his first contention on the rule of specialty, which, as interpreted by the federal courts as a matter of domestic law, bars the prosecution in the United States of a defendant extradited from another country for crimes for which extradition was not granted. *See Shapiro v. Ferrandina,* 478 F.2d 894, 905 (2d Cir.), *cert. dismissed,* 414 U.S. 884, 94 S.Ct. 204, 38 L.Ed.2d 133 (1973). He claims, solely on information and belief, that the affidavits sworn to by certain Assistant United States Attorneys in support of this country's extradition request to Colombia stated that if the acts for which he was extradited to the State of Florida were the same as those charged in the present indictment, the government would not prosecute this indictment. Cabrera argues that if these promises were made in order to obtain his extradition on this indictment by satisfying Columbia's concern over double jeopardy, the rule of specialty would bar his federal prosecution for the same acts for which he has already been tried by the state of Florida.

The court has carefully examined, *in camera,* the affidavits to which Cabrera refers and finds absolutely no promise or assurance by the United States to the government of Colombia that the United States would not prosecute Cabrera in the Southern District of New York for acts which were the same as those for which he was extradited to the state of Florida.[2] It is true that one of the affidavits contained a discussion of the Justice Department's *Petite* policy, *see Petite v. United States,* 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), regarding federal prosecutions of violations that have already been prosecuted at the state level. However, while this portion of the affidavit is relevant to the subject raised by Cabrera, it clearly made no promises of non-prosecution to the Colombian government. Indeed, it is evident from the affidavit that the government reserved the right under the *Petite* policy to prosecute the defendant in both jurisdictions. Accordingly, Cabrera's argument that his extradition did not authorize his prosecution on the pending indictment is rejected.

1. Affidavit of Philip R. Edelbaum, Exhibit I, at 12, 15–16 (March 23, 1987).

2. Affidavit of Deborah J. Stavile, Exhibit B (April 7, 1987) [submitted for *in camera* review].

The pertinent excerpt from the affidavit supporting the government's extradition request will be produced to Cabrera, subject to a protective order limiting disclosure of its contents to Cabrera and his attorney.

 Cabrera's second contention in support of his motion to dismiss is that the executive resolution of March 18, 1986 authorizing his extradition is invalid because at the time of its issuance he was in custody in the United States pursuant to an earlier extradition order and therefore did not have an opportunity to challenge it in Colombia.[3] This argument is without merit. We agree with the government's position that Cabrera was not prevented from appealing his extradition to the Southern District of New York, since he could have prosecuted the appeal through counsel in Colombia who represented him in the judicial extradition proceedings there. *See United States v. Jetter*, 722 F.2d 371, 373 (8th Cir.1983).

Cabrera's final contention, that the Speedy Trial "clock" began to run upon his arraignment before a magistrate in this district in February 1986 and that the time to bring him to trial therefore expired well before he was returned to this district for prosecution, is also without merit. This court has already ruled—and Cabrera himself argued in his habeas corpus petition—that he was not available for trial in the Southern District of New York in February 1986 because his extradition by the Colombian government did not authorize his prosecution on charges here at that time. The Speedy Trial Act exclusion for the unavail-

ability of a defendant was therefore applicable. *See* 18 U.S.C. § 3161(h)(3)(A). Moreover, Cabrera's intervening prosecution in Florida also gave rise to an excludable period of delay. *See* 18 U.S.C. § 3161(h)(1)(D).[4]

For the reasons stated above, Cabrera's motion to dismiss the pending indictment is denied and his request for production of documents is granted in part.

It is so ordered.

---

**3.** Article Five of the "Resolves" clause in Executive Resolution No. 92 provides:

> Against this resolution the only recourse available is that of reversal, which should be filed with [sic] five (5) days after the date of its notification.

Edelbaum Affidavit, Exhibit I, at 17.

**4.** Cabrera also makes the argument that this court did not have jurisdiction to rule on Speedy Trial Act questions prior to his extradition by Colombia on Southern District of New York charges and that the court could not after such extradition rule *nunc pro tunc* on excludable time. This argument is frivolous. The defendant cannot invoke the jurisdiction of this court for the purpose of bringing on his habeas

corpus petition, contending that his arraignment is unauthorized and therefore invalid, and then assert that the very same arraignment triggered the Speedy Trial clock and that the court was without jurisdiction to rule on excludable time. Moreover, even if the court had not had jurisdiction to consider the Speedy Trial issue until after the extradition order regarding the present indictment was issued, exclusions of time under Sections 3161(h)(3)(A) and 3161(h)(1)(D) of the Speedy Trial Act need not be made prospectively. *Compare United States v. Tunnessen*, 763 F.2d 74 (2d Cir.1985) (requiring prospective finding by trial judge of exclusion based on "ends of justice," § 3161(h)(8)(A)).