### UNITED STATES of America, Plaintiff,

### v.

### Poon SAI–WAH, Defendant.

### No. CIV.A. 3:03CV103–H.

United States District Court, W.D. North Carolina, Charlotte Division.

July 14, 2003.

Noell Tin, Charlotte, NC, for defendant.

Paul B. Taylor, United States Attorney, Asheville, NC, for U.S.

### *MEMORANDUM AND ORDER*

HORN, United States Magistrate Judge.

**THIS MATTER** is before the Court on the Government's "Complaint Seeking Extradition" filed March 10, 2003, as amended by its "Amended Complaint Seeking Extradition" filed April 22, 2003. In support of its Amended Complaint, the Government states that it represents "the People's Republic of China, Government of Hong Kong Administrative Region"; that there is a treaty with Hong Kong which remains "in full force and effect"; that Poon Sai–Wah "was charged with Evasion of Liability by Deception" in violation of Hong Kong law; that in commission of the alleged offense Poon Sai–Wah gave post-dated checks, which were later rejected due to insufficient funds, in an aggregate amount of $470,599.77; and that Poon Sai–Wah emigrated to the United States prior to the February 1, 1996 date on which the post-dated checks were due and payable.

With the consent of the parties, this matter has been referred to the undersigned Magistrate Judge, initially by Order filed April 4, 2003 (document # 5) "to conduct the initial appearance" and thereafter by Order filed April 29, 2003 (document # 9) "to conduct all proceedings."

Reference is made to the following pleadings, each of which has been carefully considered: "Defendant's Memorandum Of Law In Opposition To Extradition" filed June 18, 2003 (document # 10); Mr. Poon's "Motion To Dismiss For Lack Of Subject Matter Jurisdiction" filed June 18, 2003 (document # 11); "Government's Response To Motion To Dismiss" filed June 23, 2003 (document # 12); "Defendant's Supplemental Memorandum of Law In Opposition To Extradition" filed June 30, 2003 (document # 13); and "Government's Response to Defendant's Supplemental Memorandum" filed July 3, 2003 (document # 14). A hearing was conducted by the undersigned on Monday, June 23, 2003, and the arguments of counsel at the hearing have also been carefully considered.

The Government has attempted on a previous occasion to have Mr. Poon extradited, in a proceeding filed in the Eastern District of New York. Although the presiding judge in that case *declined* to certify extraditability, counsel for the Government in this district (AUSA Paul B. Taylor) argues that the case presented in New York failed to articulate a full and accurate picture of the Hong Kong charges. Mr. Taylor urges that, when understood in their larger context, the charges in Hong Kong are essentially that Mr. Poon committed a fraud which would be criminally actionable in federal court and in a preponderance of state jurisdictions.

■ Mr. Poon and the Government agree that for extradition to be proper: (a) there must be a valid treaty between our country and the country seeking extradition; and (b) the alleged criminal conduct must violate federal law and/or a preponderance of state law *and* the criminal laws of Hong Kong/Republic of China. The parties also agree that Mr. Poon's alleged conduct would violate the laws of Hong Kong/Republic of China.

■ The Government first urges the Court, in its "Response [to Mr. Poon's] Motion to Dismiss," to find that there is a valid treaty with Hong Kong. The Government notes that the only federal courts that have considered this issue in published opinions—the Second Circuit Court of Appeals in *Cheung v. United States,* 213 F.3d 82 (2d Cir.2000), and the Central District of California in *In re Extradition of James Coe,* 261 F.Supp.2d 1203 (C.D.

Cal.2003)—have determined that the extradition treaty with Hong Kong is *valid.* The Government also notes that the U.S. Department of State officially considers the extradition treaty with Hong Kong to be "in full force effect," an opinion the parties believe to be entitled to somewhere between "respect" (Mr. Poon's term) and "deference" (the Government's term).

Counsel for Mr. Poon argues to the contrary that "Hong Kong is a sub-sovereign region ultimately governed by the Peoples Republic of China" with whom the United States has no extradition treaty. The reasons for the United States not having an extradition treaty with China are alleged to "include the lack of due process by the Chinese criminal justice system and the poor human rights record [in the Republic of China] in general." In further support of his position, Mr. Poon shows the Court that Hong Kong is not on the list of countries in 18 U.S.C. § 3184 with whom the United States has valid extradition treaties; that the treaty on which the Government relies "was negotiated prior to Hong Kong's reversion to China on July 1, 1997"; and that "[i]n determining whether the extradition statutes encompass sub-sovereigns it is *the judiciary's* decision that controls."

Although defense counsel for Mr. Poon makes an interesting and earnest argument that the subject treaty is invalid, the undersigned will have to decline counsel's invitation to take issue with the only published authority on that subject and the official position of the U.S. Department of State. Accordingly, Mr. Poon's "Motion to Dismiss for Lack Of Subject–Matter Jurisdiction" (document #11), based solely on the alleged invalidity of the extradition treaty with Hong Kong, will be denied.

■ The Defendant's "Memorandum Of Law In Opposition To Extradition" (document #10) and the arguments made by counsel at the June 23 hearing and Supple-

mental Memorandum filed June 30 are more persuasive, however. Here, the only prior court action—although the Government urges that it was based on an incomplete argument—was consistent with the outcome urged by the Defendant, that is, the presiding judge in the Eastern District of New York *agreed* that the Government had failed to establish "dual criminality" and *denied* the Government's petition for certification of extraditability.

■ In essence, the doctrine of "dual criminality" only allows an accused to be extradited if the charged criminal conduct is considered criminal under the laws of both the surrendering and the requesting nations. *Clarey v. Gregg*, 138 F.3d 764, 765 (9th Cir.1998). *Accord Cucuzzella v. Keliikoa*, 638 F.2d 105 (9th Cir.1981); In re *Matter of Extradition of Valdez–Mainero*, 3 F.Supp.2d 1112, 1124–25 (S.D.Cal. 1998); *and* Ivan A. Shearer, *Extradition In International Law* 22 (1971).

In this case, the Government and Mr. Poon have widely divergent views of how the Hong Kong charges should be understood. The Government points to the factual circumstances surrounding the soured business relationship and argues that they indicate fraud, which is clearly criminal under federal law and the laws of every state. In sharp contrast, Mr. Poon urges the Court to reach the Eastern District of New York's conclusion, namely, that Hong Kong has charged what constitutes a crime under their law—giving post-dated, later dishonored checks to satisfy a pre-existing business debt—which is not a crime under federal law, the law of North Carolina, or the criminal laws of most of the states.

The undersigned finds, as did the presiding judge in the Eastern District of New York, that the Government has failed to meet its burden, that is, that the Government has failed to establish probable cause that the criminal offense *charged* in

Hong Kong is a criminal offense under federal law, the laws of North Carolina, or the criminal laws of most of the states. This finding is reinforced by the legal argument and cases cited in the "Defendant's Memorandum Of Law In Opposition to Extradition" filed June 30, 2003.

At the conclusion of the New York proceedings, the presiding judge properly denied the Government's petition for a certificate of extraditability, explaining:

> The problem with the government's arguing on this score [in favor of "dual criminality"] is that no property was obtained, taken or withheld by virtue of the issuance of the four checks upon which the warrant's charge is premised. Issuing a bad check cannot be larceny where it is done to pay an outstanding debt. The facts as presented here establish that there was an outstanding debt for the goods that had been provided by Yao Chung to International Triangle. The accused here issued these four checks that are at the core of the charge in Hong Kong to retire that outstanding debt. But, as I said, under New York law issuing bad checks to retire an outstanding debt is not larceny … The government has not urged any other statute and the Court knows of no other statute under which the facts here would constitute an extraditable offense. Under either federal or state law, there has been no effort to show a preponderance of state law that might tilt in some way other than what New York law decides on this question of larceny being satisfied by the issuance of bad checks to retire a former debt.

The same conclusion is necessarily reached when the Hong Kong charges are examined in light of the criminal laws of North Carolina and most of the other states. And what the presiding judge in New York wrote about issuing bad checks to retire an outstanding debt not constituting *larceny* would apply equally to the same conduct not constituting criminally actionable *fraud.*

The very nomenclature of the Hong Kong violation—*"Evasion* of *Liability* by Deception"* (emphasis added) strongly suggests this conclusion. Indeed, the name given the offense clearly suggests that the offense has to do with evading a pre-existing debt, *not* commission of fraud in connection with the underlying transaction. That being the case, Mr. Poon's argument that neither federal, North Carolina, nor most state statutes criminalize the targeted Hong Kong offense conduct is ultimately persuasive.

**NOW THEREFORE, IT IS ORDERED:**

1. The Defendant's "Motion to Dismiss for Subject–Matter Jurisdiction" is **DENIED.**

2. The Government's "Amended Complaint Seeking Extradition" is also **DENIED.**

3. The Clerk is directed to send a copy of this Memorandum and Order to counsel to the parties.