**Steven ARNOLD, Appellant,**

v.

**Donald W. WYRICK, Appellee.**

**No. 80–1443.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1980.

Decided April 10, 1981.

---

J. Reed Johnston, Jr., Peper, Martin, Jensen, Maichel & Hetlage, St. Louis, Mo., for appellant.

John Ashcroft, Atty. Gen., Paul Otto, Robert Presson, Asst. Attys. Gen., Jefferson City, Mo., for appellee.

Before HENLEY, Circuit Judge, BENNETT,[*] Court of Claims Judge, and McMILLIAN, Circuit Judge.

HENLEY, Circuit Judge.

Steven Arnold appeals from the district court's[1] denial of his request for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

Appellant's conviction arose out of the robbery of a St. Louis gasoline service station on October 6, 1976. The attendant on duty at the station testified that he was approached from behind by someone who put an object which felt like a gun against his neck. The attendant was warned not to turn around and was forced into a storeroom where he was bound on the floor. The intruder removed the attendant's wristwatch and was heard taking cartons of cigarettes from a storeroom shelf.

The police were summoned and arrived just as the appellant exited the station and drove away in a car. An automobile chase ensued. The officers testified that during the chase appellant pointed a gun at them and fired. Appellant's testimony was that he found the gun on the seat of the car and threw it out of the car window. He said that the gun discharged when it hit the pavement. Appellant was arrested after he lost control of his car. Eighty-eight cartons of cigarettes and the attendant's wristwatch were found in appellant's possession.

Appellant claimed at trial that the robbery had been planned by the station attendant and a former station manager. Arnold testified that the attendant voluntarily went into the storeroom and helped him load some of the cigarettes. He also testified that the attendant supplied the bindings with which to tie him to make the robbery look realistic.

Arnold was convicted, after trial to a jury in Missouri state court, on one count of robbery in the first degree, in violation of Mo.Rev.Stat. § 560.120 (1969)[2] (current version at § 569.020), and on one count of assault with intent to do great bodily harm

---

* Marion T. Bennett, Judge, United States Court of Claims, sitting by designation.

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Mo.Rev.Stat. § 560.120 provided:

 Every person who shall be convicted of feloniously taking the property of another from his person, or in his presence, and against his will, *by violence to his person, or by putting him in fear of some immediate injury to his* person; *or who shall be convicted of feloniously taking the property of another from the person of his wife, servant, clerk or agent, in charge thereof, and against the will of such wife, servant, clerk or agent, by violence to the person of such wife, servant, clerk or agent, or by putting him or her in fear of some immediate injury to his or her person,* shall be adjudged guilty of robbery in the first degree.

 (emphasis added).

without malice, in violation of Mo.Rev.Stat. § 559.190 (1969) (current version at § 565.-060).[3] He was acquitted by the jury on a third count of armed criminal action, Mo. Rev.Stat. § 559.225 (Supp.1976)[4] (current version at § 571.015).

Arnold appealed to the Missouri Court of Appeals which affirmed his convictions. *State v. Arnold*, 574 S.W.2d 1 (Mo.App. 1978). His motion for a rehearing and/or transfer to the Missouri Supreme Court was denied. *Id.*[5] Appellant petitioned the federal district court for habeas corpus relief. The case was referred to a United States magistrate[6] who reviewed the case and recommended that relief be denied. The district court adopted the magistrate's review and recommendation and dismissed the petition.

Appellant raises several allegations of error which, he contends, justify habeas corpus relief. He alleges that (1) there was insufficient evidence to support his conviction of first degree robbery; (2) his conviction of first degree robbery was inconsistent with his acquittal of armed criminal action; (3) his indictment on both first degree robbery and armed criminal action violated his right not to be twice placed in jeopardy for the same offense; (4) the State suppressed favorable evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (5) the state court erred in admitting into evidence certain expert testimony.

Arnold first attacks the sufficiency of the evidence to support his conviction. He would infer from his acquittal of armed criminal action that the jury did not believe he was armed with a gun. Absent a finding that he had a gun, appellant contends that there was insufficient evidence to convict him of robbery in the first degree.

■ Appellant's argument is without merit. A conviction for first degree robbery under Missouri law required proof of violence or placing the victim in fear. Mo. Rev.Stat. § 560.120. See note 2 *supra*. Our independent review of the trial transcript[7] reveals that there was sufficient evidence to support a finding that the service station attendant was placed in fear of injury to his person. The attendant testified that he was grabbed from behind and threatened with an object *he believed* to be a gun. He was forced into the storeroom and bound.

---

**3.** Appellant was sentenced to twenty-five years imprisonment for robbery and four years imprisonment for assault, the sentences to run consecutively. Missouri Second Offender's Act, Mo.Rev.Stat. § 556.280 (1969) (current version at § 558.016).

**4.** Mo.Rev.Stat. § 559.225.1 provided in relevant part:

[A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a *dangerous or deadly weapon* is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the division of corrections for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation or conditional release or suspended imposition or execution of sentence for a period of three calendar years. (emphasis added).

**5.** Appellant's pro so brief also asserts that he filed a pro se motion to vacate the sentence under Mo.Sup.Ct.R. 27.26 and that the motion was denied due to a procedural defect.

**6.** William S. Bahn, United States Magistrate for the Eastern District of Missouri.

**7.** Construing liberally Arnold's pro se petition, *Hill v. Wyrick*, 570 F.2d 748, 751 (8th Cir.), *cert. denied*, 436 U.S. 921, 98 S.Ct. 2272, 56 L.Ed.2d 764 (1978), we find that he stated claims of constitutional dimension. *See, e. g., Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In such circumstances, the federal courts are entitled to rely on the findings of fact of the state court after examining the state transcript. *Hill v. Wyrick*, 570 F.2d at 750; *Irwin v. Wolff*, 529 F.2d 1119, 1122 n.10 (8th Cir. 1976); *Winford v. Swenson*, 517 F.2d 1114, 1118 n.7 (8th Cir.), *cert. denied*, 423 U.S. 1023, 96 S.Ct. 464, 46 L.Ed.2d 396 (1975). After an independent review of the transcript of state proceedings, we conclude that the findings of fact made by the Missouri courts are supported by the evidence and entitled to deference here. 28 U.S.C. § 2254(d). *See Sumner v. Mata*, —— U.S. ——, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981).

Even assuming the jury in fact believed that the robber had no gun, the evidence that the attendant *reasonably feared* bodily harm was sufficient to support the robbery conviction.

 Arnold makes a related argument that his conviction on the count of first degree robbery was inconsistent with his acquittal on the count of armed criminal action. He contends that the two counts charged, in substance, the same offense and that the contrary verdicts are fatally inconsistent. Our discussion above indicates that the elements of the two offenses are not identical. It was not logically inconsistent for the jury to find Arnold innocent of armed criminal action but guilty of first degree robbery. In any event, it is clear that inconsistent verdicts on separate counts of an indictment in a single trial are not fatal to a conviction. *See, e. g., Dunn v. United States*, 284 U.S. 390, 393–94, 52 S.Ct. 189, 190–91, 76 L.Ed. 520 (1932); *United States v. Benfield*, 593 F.2d 815, 822 (8th Cir. 1979); *State v. Voyles*, 561 S.W.2d 697, 699 (Mo.App.1978). Similarly, the criminal rule of collateral estoppel found in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970), does not apply to verdicts of guilt and innocence rendered in a single trial. *United States v. Benfield*, 593 F.2d at 822.

 Appellant also contends that charging him with both armed criminal action and first degree robbery constituted double jeopardy. The Missouri Supreme Court has held that for purposes of double jeopardy analysis first degree robbery is a lesser included offense of armed criminal action.[8] Although the double jeopardy clause forbids prosecution for the greater offense after conviction of the lesser offense, *Illinois v. Vitale*, 447 U.S. 410, 420–21, 100 S.Ct. 2260, 2267, 65 L.Ed.2d 228 (1980), it is not infringed by merely charging both offenses in a single indictment where no multiple punish-

ment results. *See United States v. Wilson*, 420 U.S. 332, 344, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232 (1975); *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Arnold was convicted only of the lesser included offense and punished only once. He alleges no prejudice from the mere joinder of the counts in the indictment. His double jeopardy claim is without merit.

Arnold next claims that the prosecution suppressed testimony of a ballistics expert in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Appellant testified on his own behalf that he only found the gun in the car after he had begun to flee from the police officers. He stated that he threw the gun out of the window and heard it go off. To counter this testimony, the State called a ballistics expert who had examined the gun in question during a trial recess. The expert testified that in his opinion an accidental discharge by dropping the weapon was not possible. The State did not notify Arnold in advance of the expert's proposed testimony.

 In order to establish a *Brady* claim defendant must show that the prosecution suppressed material, exculpatory evidence. 373 U.S. at 87, 83 S.Ct. 1196. Even assuming the evidence in question here was technically "suppressed," we find no *Brady* violation. The testimony was neither exculpatory, *Weiland v. Parratt*, 530 F.2d 1284, 1289–90 (8th Cir.), *cert. denied*, 429 U.S. 847, 97 S.Ct. 130, 50 L.Ed.2d 118 (1976), nor material to Arnold's defense. *United States v. Agurs*, 427 U.S. 97, 112–13, 96 S.Ct. 2392, 2401–02, 49 L.Ed.2d 342 (1976).[9]

 Finally, appellant urges that the trial court erred in admitting the ballistics expert's testimony, because his examination of the gun was insufficient. In a habeas

---

**8.** *State v. Sours*, 593 S.W.2d 208 (Mo.) (en banc), *vacated*, 446 U.S. 962, 100 S.Ct. 2935, 64 L.Ed.2d 820 (1980), *reinstated and supplemented*, 603 S.W.2d 592 (Mo.) (en banc), *cert. denied*, —— U.S. ——, 101 S.Ct. 953, 67 L.Ed.2d 118 (1981).

**9.** We note, in addition, that Arnold was acquitted on the charge of armed criminal action, the only count which required proof of possession of a dangerous weapon.

corpus proceeding a justiciable federal issue is presented only where trial errors infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process. *Davis v. Campbell*, 608 F.2d 317, 319 (8th Cir. 1979). In this case, admission of the expert's testimony was clearly within the discretion of the trial judge. Appellant's contention does not involve a federal constitutional issue and is not cognizable under 28 U.S.C. § 2254. *Id.; Cooper v. Campbell*, 597 F.2d 628, 632–33 (8th Cir.), *cert. denied*, 444 U.S. 852, 100 S.Ct. 106, 62 L.Ed.2d 69 (1979); *Nelson v. Hutto*, 597 F.2d 137, 138 (8th Cir. 1979).

After a careful examination of the briefs and record, we find appellant's contentions to be without merit. The district court's dismissal of the petition for writ of habeas corpus is affirmed.