John Patrick SULLIVAN, Appellant,

v.

STATE OF MINNESOTA, Appellee.

No. 86–5074.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1986.

Decided May 12, 1987.

Cecilia M. Michel, Asst. Federal Public Defender, Minneapolis, Minn., for appellant.

J. Michael Richardson, Minneapolis, Minn., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BOWMAN, Circuit Judge.

Petitioner John Patrick Sullivan challenges his Minnesota state conviction for first-degree intrafamilial sexual abuse, and seeks a writ of habeas corpus from this Court. The case was tried before a Minne-

sota district court sitting without a jury, and Sullivan was convicted of having anal intercourse with his four-year-old son. On appeal, the Minnesota Court of Appeals affirmed Sullivan's conviction, *State v. Sullivan,* 360 N.W.2d 418 (Minn.Ct.App.1985), and the Minnesota Supreme Court denied further review. Having exhausted his state remedies, Sullivan petitioned for habeas review in federal court pursuant to 28 U.S.C. § 2254. Based upon the report and recommendation of a federal magistrate, the District Court denied the petition. Sullivan now appeals the order of the District Court. He challenges his state conviction on three grounds. He charges that a videotaped statement of the child was hearsay, and that its admission was error; that the evidence adduced at trial was insufficient to convict, based on inconsistencies in the child's testimony; and that the trial court improperly denied Sullivan's request to have the child examined by a psychiatrist or psychologist for purposes of challenging the child's competence to testify. Sullivan charges that each of these errors is of constitutional dimension. For the reasons discussed below, we affirm the order of the District Court.

The admission of the videotaped statement of the victim followed defendant's cross-examination of the child, who was present and testified at trial. The videotape corroborated the child's live testimony, and was admitted under Minn.R.Evid. 801(d)(1)(B) to rebut defendant's charge that the child's entire testimony was fabricated at the urging of his mother and grandmother.[1] Rule 801(d)(1)(B), which is patterned after the corresponding Federal Rule of Evidence, permits the introduction of prior consistent statements "to rebut an express or implied charge against the declarant of a recent fabrication or improper influence or motive." *Slater v. Baker,* 301 N.W.2d 315, 319 (Minn.1981). The Minnesota Supreme Court has held that a vigorous cross-examination involves an implicit

1. The Minnesota legislature has since prescribed more specific rules governing admission of this type of evidence in such cases, *see* Minn.Stat. Ann. § 595.02.3 (West Supp.1987), but these provisions were not in effect at the time of Sullivan's trial.

charge of fabrication sufficient to invoke the rule. *Id.*

Sullivan directs our attention to other cases under 801(d)(1)(B) suggesting that the admission of a prior consistent statement is improper where the motive for the alleged fabrication arose before the prior statement was made. *See State v. Arndt,* 285 N.W.2d 478, 480 (Minn.1979); *United States v. McPartlin,* 595 F.2d 1321, 1351 (7th Cir.), *cert. denied,* 444 U.S. 833, 100 S.Ct. 65, 62 L.Ed.2d 43 (1979). The Minnesota Court of Appeals rejected this argument. While it expressed some reservations about the use of a videotape to refresh the memory of a young witness in such circumstances, the court refused to rule that the prior consistent statement exception should not apply where the alleged fabrication predates the prior statement. 360 N.W.2d at 422.

▓ In order to affirm the District Court's order, we need not endorse the view of the Minnesota court. Federal habeas is not a vehicle for review of every state trial court error. *United States v. Wiebe,* 733 F.2d 549, 553 (8th Cir.1984). "[A] justiciable federal issue is presented only where trial errors infringe upon a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Arnold v. Wyrick,* 646 F.2d 1225, 1229 (8th Cir.1981). Especially in the case of evidentiary issues, errors must be "of such magnitude as to deny fundamental fairness to the criminal trial" to support a petition under § 2254. *Warden v. Wyrick,* 770 F.2d 112, 114 (8th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 600, 88 L.Ed.2d 579 (1986). In this case, the error, if it exists at all, is not of such magnitude. The trial court was aware of defendant's argument that the child's earlier statement also was fabricated, and defendant was afforded the opportunity to cross-examine the child at trial. Although the videotape might plausibly be deemed cumulative, its admission was not grossly prejudicial, nor did it render Sullivan's trial fundamentally unfair.

Sullivan's challenge to the sufficiency of the evidence is also subject to extremely limited review. We are not a second trier of fact, and may not substitute our judgment of the facts for that of the Minnesota judge who tried the case. Rather, relief will be granted "only if, viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Fryer v. Nix,* 775 F.2d 979, 982 (8th Cir.1985) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)). As we understand Sullivan's claim, the credibility of his son's testimony is brought into question by the animosity between defendant and his former wife, the child's mother. Sullivan and his former wife previously had litigated a bitter divorce in which custody of the child had been sharply contested. Sullivan alleges that his former wife and her mother fabricated the entire incident, and coerced the child, who was five years old at the time of the trial, into believing that the assault actually had occurred. Because the medical testimony introduced by the prosecution was inconclusive, and because there were certain irregularities in the child's own testimony, Sullivan argues that the evidence was insufficient for a conviction.

▓ Credibility determinations are uniquely within the province of the trier of fact, and "are entitled to special deference." *United States v. Manning,* 787 F.2d 431, 435 (8th Cir.1986). In the present case, the trial court assessed the child's testimony, which involved a detailed description of the incident and a demonstration of the act with anatomically correct dolls, and concluded that the evidence was overwhelming. Moreover, as the Minnesota Court of Appeals observed, corroborating evidence from third parties that the four-year-old boy exhibited masturbatory behavior following the alleged incident further supports the child's testimony. 360 N.W.2d at 422. Given this evidence, we believe a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

Finally, Sullivan asks us to find an error of constitutional magnitude in a decision that Minnesota law clearly leaves to the discretion of the trial court. *Moll v. State*, 351 N.W.2d 639, 643 (Minn.Ct.App. 1984) (citing Minn.Stat. § 595.06 (1982)); Minn.Stat.Ann. § 595.02.1(f) (West.Supp. 1987); *see also State v. Helterbridle*, 301 N.W.2d 545, 547 (Minn.1980) (trial court has broad discretion in deciding whether to admit expert testimony of witness's reliability). Sullivan concedes that the determination of the child's competence to testify is left to the trial court's discretion. However, he argues that the trial court abused its discretion in refusing to allow a defense psychiatrist to examine the child for purposes of assisting the court in making the competency determination, and in refusing to permit the psychiatrist to give testimony regarding his evaluation of the witness's reliability. Like the competency question, we review the admission or exclusion of such expert testimony only for errors "infring[ing] upon a specific constitutional protection or ... amount[ing] to a denial of due process" in the petitioner's state criminal trial. *Arnold v. Wyrick*, 646 F.2d at 1229. We find no such error here. As noted above, Sullivan made clear to the trial court his contention that the entire incident had been fabricated, and that the child had been manipulated into telling the story by his mother and grandmother. Sullivan's defense counsel pursued this theory in cross-examinations of both the child and mother. In these circumstances, we cannot say that Sullivan's case was so grossly prejudiced by the trial court's denial of his motion for a psychiatric examination that it rendered the trial fundamentally unfair. *See Maggitt v. Wyrick*, 533 F.2d 383, 385 (8th Cir.), *cert. denied*, 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976); *cf. United States v. DeNoyer*, 811 F.2d 436, 439-40 (8th Cir.1987) (denial of similar motion).

We conclude that Sullivan's petition for habeas corpus properly was denied, and the order of the District Court dismissing his petition is affirmed.

AFFIRMED.