986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Emil MOSLEY, Plaintiff-Appellant,
v.
Orville B. PUNG, Frank W. Wood, Defendants-Appellees.
 No. 92-2206.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: January 27, 1993.
 
 Before JOHN R. GIBSON, Circuit Judge, HEANEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Emil Mosley appeals from the denial of his petition for writ of habeas corpus. See 28 U.S.C. § 2254 (1988). Mosley was convicted of second-degree murder on charges relating to the death of his fourteen-month-old child, Jason. Mosley argues that there was insufficient evidence of intent to inflict bodily harm. We affirm.
 
 
 2
 Mosley obtained custody of his son Jason on September 7, 1985. Jason died on March 7, 1986, as a result of a laceration to his liver, and Mosley was charged with second-degree murder. An officer, who had been called to Mosley's home, testified that Jason had small bruises on his cheek, small bruises or stretch marks just below his chin, a small bruise on his chest, and an abrasion below his lower lip. The medical testimony established that a severe injury lacerated Jason's liver and caused his death.
 
 
 3
 Mosley initially told the police that he had left Jason with a baby-sitter, and that when he came home he found that the sitter was gone. When this story proved to be false, Mosley told the police that he had accidentally hurt Jason when he was bouncing him on his knee. There was medical testimony, however, that Jason's injury could not have been caused by knee bouncing, as a significant amount of blunt force (like that in a car accident, from a kick by a horse, or from being stomped on) was necessary to cause such an injury.
 
 
 4
 There was testimony that Mosley had slapped Jason on several earlier occasions. One witness testified that when he said something to Mosley about slapping Jason's face, Mosley had replied that Jason was "tough" or "strong enough" to take it. There was also testimony that when Jason sustained a serious bruise a few weeks before his death, Mosley told both his social worker and the police that Jason had fallen out of a high chair at a restaurant. The restaurant manager and assistant manager, however, testified that no one had told them about a child falling out of a high chair during the time in question. In addition, Mosley told the social worker that he had taken Jason to the emergency room at a nearby hospital, but the hospital had no record of any such visit.
 
 
 5
 Mosley argues there was insufficient evidence of intent to cause bodily harm. He directs us to testimony at trial that Jason's March 7 injuries could have been caused by the officers when they administered CPR, and to testimony from several witnesses who said they never saw Mosley mistreat Jason. There was medical testimony, however, that CPR could not have caused such a massive and severe liver injury, and the testimony regarding Mosley's treatment of Jason was contradicted by other witnesses.
 
 
 6
 In determining the sufficiency of the evidence, we view the evidence in the light most favorable to the prosecution and grant habeas relief only if the record shows that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Credibility determinations are for the trier of fact. Sullivan v. Minnesota, 818 F.2d 664, 666 (8th Cir.), cert. denied, 404 U.S. 862 (1987).
 
 
 7
 As this was a second-degree murder case, the trier of fact was required to find that Mosley intentionally inflicted bodily harm on Jason. See Minn. Stat. § 609.19 (1984). The evidence admittedly was circumstantial. Nevertheless, considering the evidence recounted above, we conclude that the trier of fact could have found proof of intent to inflict bodily harm beyond a reasonable doubt. See Jackson, 443 U.S. at 319.
 
 
 8
 We affirm the denial of the writ. See Eighth Cir. R. 47B.