46 F.3d 1135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Lynn C. GOULET, Appellant,
v.
Timothy SCHUETZLE, Warden, North Dakota State Penitentiary, Appellee.
 No. 94-1232.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 12, 1995.
Filed: Jan. 18, 1995.
 
 Before FAGG, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lynn C. Goulet, a North Dakota prisoner, appeals the district court's[1] partial denial of relief on his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. We affirm.
 
 
 2
 Relevant to this appeal, Goulet was convicted of unauthorized use of a motor vehicle, in violation of North Dakota Century Code Sec. 12.1-23-06 (1985). The jury found that the cost of retrieval and restoration of the vehicle exceeded $500; the offense was thus a class C felony under North Dakota Century Code Sec. 12.1-23-06(3) (1985), for which Goulet received the maximum five-year sentence. As one of his grounds for habeas relief, Goulet argued that the evidence was insufficient to support the jury's finding on cost and, therefore, he could only be convicted of a class A misdemeanor, carrying a one-year maximum sentence. See id. Secs. 12.1-23-06(3), 12.1-32-01(5).
 
 
 3
 In reviewing a section 2254 petitioner's sufficiency-of-the- evidence claim, we review the record de novo and determine " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Flieger v. Delo, 16 F.3d 878, 883 (8th Cir. 1994) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We presume that the trier of fact resolved all conflicting inferences in the record in favor of the state, and defer to that resolution. Miller v. Leapley, 34 F.3d 582, 585 (8th Cir. 1994). Having carefully reviewed the record, including the state trial transcript, we hold that a rational jury could have found the cost of restoration and retrieval exceeded $500. While Goulet argues that circumstances and testimony surrounding a revised repair bill are suspect, issues of credibility are for the jury to decide. See Sullivan v. Minnesota, 818 F.2d 664, 666 (8th Cir.), cert. denied, 404 U.S. 862 (1987).
 
 
 4
 We also reject Goulet's argument that it was necessary for the owner of the vehicle to testify as to whether Goulet had permission to use it. See State v. Olson, 290 N.W.2d 664, 673-74 (N.D. 1980) (declining to require testimony from owner to prove issue of want- of-consent and allowing proof by circumstantial evidence).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota