905 F.Supp. 631 (1995)
In the Matter of the EXTRADITION OF Gregory J. SUTTON.
No. 95-0080 M.
United States District Court, E.D. Missouri, Eastern Division.
October 30, 1995.
*632 David Rosen, St. Louis, MO, for petitioner.
Arthur Margulis, St. Louis, MO, for respondent.

MEMORANDUM
NOCE, United States Magistrate Judge.
This matter is before the Court upon the request of the United States, acting on behalf of the government of Australia, for the extradition of respondent Gregory J. Sutton. Respondent has moved to dismiss the proceedings and to discharge him from custody based on the asserted unconstitutionality of the United States' extradition statute, 18 U.S.C. § 3184.
On August 14, 1995, the United States, acting on behalf of the government of Australia, filed a Complaint for Provisional Arrest With a View Towards Extradition and a Complaint, pursuant to 18 U.S.C. § 3184, seeking a warrant for the arrest of Gregory J. Sutton. On August 15, 1995, defendant Sutton was arrested in this district without incident and appeared before the undersigned United States Magistrate Judge for an initial appearance. On August 17, 1995, a hearing was held on the issue of detention and Sutton was subsequently ordered held without bail. On September 18, 1995, the United States filed a supplemental request for extradition.
The complaints allege that, pursuant to a treaty between the United States and Australia, the government of Australia has formally requested the extradition of Sutton, who has been charged in Australia with 36 counts of sexual offenses against persons under the age of sixteen.
On September 21, 1995, a hearing was held on the issue of extradition. From the record of these proceedings, including the documents submitted to the court and the pretrial services report, the undersigned makes the following findings of fact:

FACTS
1. There is in force between the United States and Australia an Extradition Treaty dated May 14, 1974 (TIAS 8234). This Extradition Treaty was amended by a Protocol dated September 4, 1990 (1990 Protocol). Under Article 16 of the 1990 Protocol, the Protocol is applicable to all cases where a request for extradition is made after the effective date of the protocol, regardless of whether the offense was committed before or after that date. Article 1 of the 1990 Protocol also provides in pertinent part:
(1) An offence shall be an extraditable offence if it is punishable under the laws in both Contracting Parties by deprivation of liberty of more than one year, or by a more severe penalty....
Article 7 of the 1990 Protocol provides in pertinent part:
The text of Article XI of the Treaty is replaced by the following:
"(1) All requests for extradition shall be made through the diplomatic channel.

*633 (2) The request for extradition shall be supported by:
(a) documents, statements, or other types of information which describe the identity and probable location of the person sought;
(b) a description of the conduct constituting the offence;
(c) a statement of the law describing the essential elements of the offence for which extradition is requested; and
(d) a statement of the law describing the punishment for the offense and the law relating to the limitation of legal proceedings.
(3) A request for the extradition of a person who is sought for prosecution ... shall also be supported by:
(a) a copy of the warrant or order of arrest issued in the requesting State for the arrest of the person for the offence;
(b) a copy of the charging document, if any; and
(c) a description of the facts, by way of affidavit, statement, or declaration, setting forth reasonable grounds for believing that an offence has been committed and the person sought committed it.
* * * * * *
(5) The documents which accompany an extradition request shall be received and admitted as evidence in extradition proceedings if:
* * * * * *
(b) in the case of a request from Australia, they are certified by the principal diplomat or consular officer of the United States resident in Australia, as provided by the extradition laws of the United States....
See Protocol Amending the Treaty On Extradition Between The United States of America and Australia of May 14, 1974, filed August 14, 1995.
2. Pursuant to the treaty and protocol, the government of Australia submitted a formal request for the extradition of respondent Gregory J. Sutton, who was arrested in this district on August 15, 1995. Respondent is the same individual who is accused of committing offenses in Australia and who is sought by the government of Australia in the request for extradition.
3. Sutton was originally charged with eleven counts of sexual offenses against persons under 16 years of age, in violation of § 61D(1A) Crimes Act, 1900 (N.S.W.); twelve counts of indecent assault against persons under 16 years of age, in violation of § 61E(1A) Crimes Act, 1900 (N.S.W.); and one count of committing an act of indecency against a person under 16 years of age, in violation of § 61E(2) Crimes Act, 1900 (N.S.W.). All offenses were alleged to have been committed within the jurisdiction of Australia, the requesting state. Warrants for Sutton's arrest on those charges were issued on September 16, 1992, and January 28, 1993, by Bronwyn Windsor, Justice of the Peace, the Lismore Local Court, at New South Wales, Australia. Each of these offenses is punishable by more than one year in prison. There is no statute of limitations for these offenses. See Documents Relating to the Extradition of Gregory Joseph Sutton, July 10, 1995, filed August 16, 1995, Warrants A-X, Affidavit of Mark William Sherring, Solicitor, dated June 6, 1995.
4. On August 28, 1995, warrants for twelve additional offenses were issued in Australia by M.M. Stoddart, Justice of the Peace, in Campbelltown, New South Wales, Australia. Copies of these charges were filed in this Court on September 18, 1995, with a supplemental request for extradition. Those charges are three counts of inciting an act of indecency with persons under the age of 16 years, in violation of § 61E(2) of the Crimes Act, 1900 (N.S.W.); three counts of sexual offenses against persons under the age of 16, in violation of § 61D(1) of the Crimes Act, 1900 (N.S.W.); and four counts of indecent assault against a person under 16 years of age, in violation of § 61E(1) of the Crimes Act, 1900 (N.S.W.). These offenses are punishable in Australia by more than one year in prison and there is no statute of limitations with respect to them in Australia. See Documents Relating to the Extradition of Gregory Joseph Sutton, dated August 30, 1995, filed September 18, 1995, pp. 1-18.
*634 5. The crimes alleged against respondent are punishable under the laws of the United States by imprisonment for more than one year.[1]
6. The documents submitted by the Embassy of Australia in support of the extradition request were certified on July 18, 1995, and September 1, 1995, by Edward Perkins, Ambassador of the Embassy of the United States in Canberra, Australia, in accordance with 18 U.S.C. § 3190.
7. At the time of the alleged offenses, Sutton was a teaching Brother in a Catholic religious Order. In support of the request for extradition, the government of Australia has submitted the statements of former students of Sutton who allege that they were victims of the charged offenses. These statements allege in detail the acts that Sutton allegedly committed against the students.

DISCUSSION
Respondent has moved to dismiss the extradition proceedings, arguing that the statute which provides the procedure for extradition, 18 U.S.C. § 3184, is unconstitutional. Respondent's argument is based on the decision of Lobue v. Christopher, 893 F.Supp. 65 (D.D.C.1995). That court issued a declaratory judgment declaring the statute unconstitutional because it violates the United States Constitution's separation of powers doctrine. The court examined the text of the statute, the way the statute has been interpreted by the three branches of government, and historical practice. The court concluded that the statute unconstitutionally confers upon the United States Secretary of State the authority to review the legal conclusions of extradition judges.[2]
In response, the United States argues that Lobue is not binding precedent and that it rests on a legally incorrect analysis of the statute and of the separation of powers doctrine. The government argues that Congress patterned the extradition procedure on other law enforcement processes, such as the decision to arrest, search or prosecute in criminal cases, in which discretionary decisions follow the determination by a judicial officer that the proposed executive action is lawful. The government also cites as support the recent decision of Carreno v. Johnson, 899 F.Supp. 624 (S.D.Fla.1995), in which the court considered the opinion in Lobue and held that "no binding authority exists which compels an interpretation of the statute that raises constitutional difficulties." Id. at 632. Another court has also disagreed with Lobue and found that the statute is not unconstitutional. Cherry v. Warden, Metropolitan Correctional Center, 1995 WL 598986, at *3 (S.D.N.Y. October 11, 1995).
As a preliminary matter, this court concludes that nothing in Lobue prohibits this court from proceeding to consider the issues in this case. On September 15, 1995, the court in Lobue granted plaintiffs' motion for class certification and certified a class consisting of
all persons who presently are or in the future will be under threat of extradition from the United States pursuant to 18 U.S.C. § 3181, et seq., including all persons whose extradition has been or will be requested by another nation, all persons who are currently involved in, extradition proceedings or in habeas corpus proceedings relating to their possible extradition, and all persons subject to extradition under a warrant issued pursuant to 18 U.S.C. § 3186.
See Order, Lobue v. Christopher, No. 95-1097, September 15, 1995. The court also enjoined defendants from surrendering, under 18 U.S.C. § 3184, et seq., the plaintiffs or any member of the plaintiff class to another nation. The court's order stated that extradition *635 proceedings were not enjoined; only surrender of a member of the plaintiff class to another nation was enjoined. Id.
On September 29, 1995, the United States Court of Appeals for the District of Columbia Circuit ordered that the district court's injunction in Lobue be stayed with respect to all persons other than Anthony J. Lobue, Thomas C. Kulekowskis, and Mauricio Madero O'Brien pending further order of the court. See Order, Lobue v. Christopher, No. 95-5293, September 29, 1995. Therefore, because the Lobue ruling only enjoins execution of the surrender warrants for those individuals, this court can proceed to consider the issues in the extradition proceeding of Gregory J. Sutton.
The extradition statute at issue states:
Whenever there is a treaty or convention for extradition between the United States and any foreign government, any justice or judge of the United States, or any magistrate authorized so to do by a court of the United States, or any judge of a court of record of general jurisdiction of any State, may, upon complaint made under oath, charging any person found within his jurisdiction, with having committed within the jurisdiction of any such foreign government any of the crimes provided for by such treaty or convention, issue his warrant for the apprehension of the person so charged, that he may be brought before such justice, judge, or magistrate, to the end that the evidence of criminality may be heard and considered. If, on such hearing, he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention, he shall certify the same, together with a copy of all the testimony taken before him, to the Secretary of State, that a warrant may issue upon the requisition of the person, according to the stipulations of the treaty or convention; and he shall issue his warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made.
18 U.S.C. § 3184 (1985).
Federal law also provides that
the Secretary of State may order the person committed under sections 3184 or 3185 of this title to be delivered to any authorized agent of such foreign government, to be tried for the offense of which charged....
18 U.S.C. § 3186.
As the court recognized in Carreno, statutes should be interpreted, whenever possible, to avoid constitutional difficulties. Johnson v. Robison, 415 U.S. 361, 366-67, 94 S.Ct. 1160, 1165-66, 39 L.Ed.2d 389 (1974); Planned Parenthood of Minnesota v. Minnesota, 910 F.2d 479, 482 (8th Cir.1990); United States v. Trice, 864 F.2d 1421, 1426 (8th Cir.1988), cert. dismissed, 491 U.S. 914, 109 S.Ct. 3206, 105 L.Ed.2d 714 (1989); St. Louis University v. Blue Cross Hospital Service, 537 F.2d 283, 291 (8th Cir.), cert. denied, 429 U.S. 977, 97 S.Ct. 484, 50 L.Ed.2d 584 (1976).
The undersigned agrees with the conclusion of the Carreno court that the words of § 3184 do not convey an affirmative grant of power to the Secretary of State to review and set aside the extradition judge's determination. Carreno, supra, 899 F.Supp. at 629-30. "They prescribe the method by which the judicial officer shall convey a finding of extraditability to the Secretary of State, so that the Secretary `may' issue a surrender warrant." Id. The Lobue court had found that there was no plausible reason for Congress to require the extradition judge to certify the evidence and testimony taken before him "other than to permit the Secretary to perform his own independent review of the legality of the extradition." Lobue, 893 F.Supp. at 68. The Carreno court found, however, and the undersigned agrees, that another plausible reading of the statute is to certify the evidence and testimony before the magistrate in order to compile a complete record to forward to the country seeking extradition. Id., 899 F.Supp. at 629-30. Therefore, this court finds the plain language of the statute does not confer an impermissible power of review upon the Secretary of State.
The Constitution, as well as case law, supports the view that extradition is primarily a function of the Executive Branch, not a function of the Judicial Branch.
*636 The Constitution gives the President the power to make treaties, with the advice and consent of the Senate. U.S. Const. art. II, § 2, cl. 2. Congress is given the power, under the necessary and proper clause, to enact laws needed to implement and enforce treaties. U.S. Const. art. I, § 8, cl. 18. See Missouri v. Holland, 252 U.S. 416, 432, 40 S.Ct. 382, 383, 64 L.Ed. 641 (1920). The Constitution gives the judiciary the power to hear cases involving treaties made under the authority of the federal government. U.S. Const. art. III, § 2, cl. 1. Congress enacted a statute giving the judiciary a limited review function in extradition cases. 18 U.S.C. § 3184. The courts determine, in the first instance, whether a person is extraditable. The judiciary's role is to determine the applicability of the existing treaty obligation of the United States to the facts of a given case. In Re Extradition of McMullen, 989 F.2d 603, 613 (2d Cir.), cert. denied, ___ U.S. ___, 114 S.Ct. 301, 126 L.Ed.2d 249 (1993); Shapiro v. Secretary of State, 499 F.2d 527, 531 (D.C.Cir.1974), aff'd sub nom. Commissioner of Internal Revenue v. Shapiro, 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976). If the extradition judge determines that the evidence is sufficient to sustain the charge against the respondent under the treaty, the magistrate makes a finding of extraditability and certifies the case to the Secretary of State.
Upon certification by the extradition judge, the statute then directs that the Secretary of State "may" issue a surrender warrant for the surrender of the person to the requesting nation. Historically, once the judge has certified his findings, the Secretary of State has conducted an independent review of the case to determine whether to issue a warrant of surrender to the requesting nation. Lobue, 893 F.Supp. at 69-70. The statute does not, on its face, however, confer such a review. The court in Cherry v. Warden, Metropolitan Correctional Center, 1995 WL 598986 (S.D.N.Y. October 11, 1995), held that an extradition judge is only deciding whether extradition would be lawful and is not making a final determination that extradition should or should not be carried out. Id. at *3. The court held that such a determination may involve foreign policy considerations and, therefore, review by the Executive Branch of an extradition judge's decision does not violate the separation of powers doctrine. Id. The undersigned agrees.
Extradition is primarily a function of the Executive Branch. Austin v. Healey, 5 F.3d 598, 600 (2d Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1192, 127 L.Ed.2d 542 (1994); Martin v. Warden, Atlanta Pen, 993 F.2d 824, 829 (11th Cir.1993); Sindona v. Grant, 619 F.2d 167, 174 (2d Cir.1980); Shapiro, 499 F.2d at 531; Wacker v. Bisson, 348 F.2d 602, 606 (5th Cir.1965); Kurt Von Schuschnigg, International Law: An Introduction to the Law of Peace 230 (1959). The ultimate decision to surrender the individual falls within the purview of the Executive Branch as part of the Executive's power to conduct foreign affairs and consider factors that may affect foreign policy and relations. See generally United States v. Curtiss-Wright Export Corp., 299 U.S. 304, 315-322, 57 S.Ct. 216, 218-222, 81 L.Ed. 255 (1936). See also Martin, 993 F.2d at 829; Escobedo v. United States, 623 F.2d 1098, 1105 (5th Cir.), cert. denied, 449 U.S. 1036, 101 S.Ct. 612, 66 L.Ed.2d 497 (1980), and cert. denied, 450 U.S. 922, 101 S.Ct. 1371, 67 L.Ed.2d 350 (1981); Peroff v. Hylton, 563 F.2d 1099, 1102 (4th Cir.1977) (per curiam); Cherry v. Warden, Metropolitan Correctional Center, 1995 WL 598986 (S.D.N.Y.1995).
Some courts have noted that extradition magistrates do not exercise powers that are traditionally reserved to Article III judges and that the function performed by a magistrate judge in certifying extraditability is not an exercise of the judicial power of the United States as vested in Article III of the Constitution. Austin v. Healey, 5 F.3d 598, 602 (2d Cir.1993), cert. denied, ___ U.S. ___, 114 S.Ct. 1192, 127 L.Ed.2d 542 (1994) (citing cases); Martin, 993 F.2d at 828 ("An extradition proceeding is not an ordinary Article III case or controversy."); Ward v. Rutherford, 921 F.2d 286, 287 (D.C.Cir.1990) (extradition statute authorizing magistrate judges to preside over extradition proceedings does not violate Article III and does not "threaten the *637 judicial branch with encroachment by a coordinate branch of government").[3] As several courts have noted, the extradition hearing is similar to the determination of whether there is probable cause to hold a defendant for trial. Ward, 921 F.2d at 287; Benson v. McMahon, 127 U.S. 457, 463, 8 S.Ct. 1240, 1243, 32 L.Ed. 234 (1888). The prosecutor retains the discretion whether to proceed with prosecution. United States v. Williams, 504 U.S. 36, 46-48, 112 S.Ct. 1735, 1742, 118 L.Ed.2d 352 (1992). The extradition hearing is also analogous to a judge issuing a search warrant upon a finding of probable cause. Cherry, supra, at *3. The Executive Branch has the discretion whether to execute the search warrant. Id.
Therefore, this court will proceed with the consideration of the extraditability of respondent.
This court must determine whether there is probable cause to believe that the person whose surrender is sought has committed the crime for which his extradition is requested, the standard being whether there is "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." United States v. Wiebe, 733 F.2d 549, 553 (8th Cir.1984) (quoting Coleman v. Burnett, 477 F.2d 1187, 1202 (D.C.Cir.1973)). The undersigned has reviewed the extradition documents offered into evidence and finds that the facts alleged therein are sufficient to support a finding of probable cause. See Wiebe, 733 F.2d at 553.
The undersigned also finds that the offenses charged are extraditable under the treaty and that the offenses are punishable by a year in prison in both countries. Therefore, the Court finds that all provisions of the treaty concerning the extradition of Gregory J. Sutton to Australia have been met, as outlined in the findings of fact above and as required in Article 7 of the 1990 Protocol, which amended the Extradition Treaty. The undersigned therefore finds Gregory Sutton is extraditable under the treaty for the offenses described in the extradition requests and certifies these findings to the Secretary of State. An appropriate order is issued herewith.

CERTIFICATION AND ORDER
In accordance with the Memorandum filed herewith,
IT IS HEREBY CERTIFIED TO THE SECRETARY OF STATE that the evidence against respondent Gregory J. Sutton is sufficient to sustain the charges against him in the Country of Australia under the applicable treaty and protocol, that said respondent is extraditable under the aforesaid treaty and protocol, and that further proceedings in extradition may be conducted.
IT IS HEREBY ORDERED that this Certification and Order, together with a copy of all evidence submitted to the Court upon the issue of extradition, and a transcript of the extradition hearing, be forwarded by the Clerk of this Court to the United States for the Secretary of State so that a warrant may issue upon the requisition of the proper authorities of the Country of Australia for the surrender of respondent to that country.
IT IS FURTHER ORDERED that the motion of respondent to dismiss these proceedings is denied.
IT IS FURTHER ORDERED that the Clerk shall delay the execution of this Certification and Order for a period of ten days, during which time the parties may file with the Clerk a notice of appeal to a District Judge with respect to this Certification and Order.
NOTES
[1] The United States has provided no evidence to show that the offenses for which Sutton is sought to be extradited, described in Findings 3 and 4 above, are punishable in the United States by imprisonment of more than one year. However, the undersigned makes such a finding, based on the penalties provided under Missouri law for similar offenses. Mo.Rev.Stat. Chap. 566 (1994). See Cucuzzella v. Keliikoa, 638 F.2d 105, 107 (9th Cir.1981) (court should look to similar federal criminal provisions, or, if none, to the law of the place where respondent is found).
[2] The Secretary of State has not yet conducted a review of a judicial determination of extraditability in this case.
[3] The undersigned is not an Article III judge. Magistrate judges are appointed and are subject to removal by Article III courts. 28 U.S.C. 631(a) & (i) (1993).