UNITED STATES of America,
Plaintiff–Appellee

v.

Lawrence Louis LEVY,
Defendant–Appellant.

No. 88–1887.

United States Court of Appeals,
Tenth Circuit.

June 11, 1990.

Joseph T. Urbaniak Jr., Asst. U.S. Atty. (Michael J. Norton, U.S. Atty., and Kathryn Meyer, Asst. U.S. Atty., D. Colo., with him on the brief), Denver, Colo., for plaintiff-appellee.

Marjorie N. Sloan, Baker & Hostetler (John B. Moorhead, with her on the brief), Denver, Colo., for defendant-appellant.

Before SEYMOUR, ANDERSON, Circuit Judges, and COOK,* District Judge.

STEPHEN H. ANDERSON, Circuit Judge.

Lawrence Levy was indicted for possession of cocaine with intent to distribute, conspiracy to commit that crime, and operating a continuing criminal enterprise ("CCE"). He was extradited from Hong Kong and convicted of two counts of possession with intent to distribute, and one count of operating a CCE. He appeals only the CCE conviction. We affirm.

## I.

The elements of the crime of operating a CCE, 21 U.S.C. § 848, are

"(1) a continuing series of violations of the Controlled Substances Act of 1970, 21 U.S.C. §§ 801 *et seq.*, (2) the violations were undertaken in concert with five or more other persons with respect to whom the accused acted as organizer, supervisor or manager, and (3) from which the

---

* Honorable H. Dale Cook, Chief Judge, U.S. District Court for the Northern District of Oklahoma, sitting by designation.

accused obtained substantial income or resources."

*United States v. Dickey,* 736 F.2d 571, 587 (10th Cir.1984), *cert. denied,* 469 U.S. 1188, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985). Levy argues that his extradition and trial on the CCE charge violated the doctrines of dual criminality and specialty.

 "The doctrine of dual criminality provides that a person shall not be extradited 'if the offense with which he is charged ... is not punishable as a serious crime in both the requesting and requested state[s].' " *Peters v. Egnor,* 888 F.2d 713, 718 (10th Cir.1989) (quoting *Restatement (Third) of the Foreign Relations Law of the United States* § 476(1)(c) (1987)). Levy contends that CCE is not an extraditable offense because of the lack of a crime in Hong Kong having analogous elements.

This argument misstates the nature of the dual criminality requirement. The focus of dual criminality is not on how the crime is defined in the particular statutes the defendant is accused of violating; it is on the criminality of the defendant's alleged conduct. *United States v. Sensi,* 879 F.2d 888, 893–94 (D.C.Cir.1989); *see* Extradition Treaty, June 8, 1972, United States—United Kingdom, art. III(1), 28 U.S.T. 227, 229 ("Extradition shall be granted for an act or omission the facts of which disclose an offense" in both countries.). "If the acts upon which the charges of the requesting country are based are also proscribed by a law of the requested nation, the requirement of double criminality is satisfied." *Demjanjuk v. Petrovsky,* 776 F.2d 571, 579–80 (6th Cir.1985) *cert. denied,* 475 U.S. 1016, 106 S.Ct. 1198, 89 L.Ed.2d 312 (1986); *see also Collins v. Loisel,* 259 U.S. 309, 312, 42 S.Ct. 469, 470, 66 L.Ed. 956 (1922). "[T]he fact that a particular act is classified differently in the criminal law of the two states ... or that different requirements of proof are applicable in the two states[] does not defeat extradition...." *Restatement (Third) of the Foreign Relations Law of the United States* § 476 comment d (1987).

 Levy was accused of being the leader of a cocaine trafficking operation. Such conduct is illegal in both Hong Kong and the United States, and satisfies the doctrine of dual criminality. *United States v. Casamento,* 887 F.2d 1141, 1185 (2nd Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1138, 107 L.Ed.2d 1043 (1990); *United States v. Lehder–Rivas,* 668 F.Supp. 1523 (M.D.Fla.1987); *see Artukovic v. Rison,* 784 F.2d 1354, 1356 (9th Cir.1986) (upholding an extradition to Yugoslavia even though the Yugoslavian offense of "war crimes" has elements beyond those of the American offense of murder); *Demjanjuk v. Petrovsky,* 776 F.2d at 579–80 (similarly upholding an extradition to Israel for the offenses of "crimes against the Jewish people" and "crimes against humanity").

 Levy also argues that he was never extradited on the CCE charge, so trial on that count was barred by "the doctrine of specialty, which provides that 'once extradited, a person can be prosecuted only for those charges on which he was extradited.' " *Peters v. Egnor,* 888 F.2d at 720 n. 9 (quoting *United States v. Sensi,* 879 F.2d at 892); *see* Extradition Treaty, June 8, 1972, United States—United Kingdom, art. XII(1), 28 U.S.T. 227, 233.[1] He relies completely upon the fact that the order surrendering him to American authorities neither mentioned CCE by name nor recited all of the elements of the crime. Instead, the order analogized CCE to Hong Kong drug

---

1. The government challenges Levy's standing to raise this issue. In *United States v. Rauscher,* 119 U.S. 407, 7 S.Ct. 234, 30 L.Ed. 425 (1886), the Supreme Court upheld an accused's claim that his prosecution was barred by the doctrine of specialty. The Court referred to the doctrine as a "right conferred upon persons brought from a foreign country into this [country]...." *Id.* at 424, 7 S.Ct. at 243; *see also id.* at 434, 7 S.Ct. at 248 (Gray, J., concurring) ("any person prosecuted in any court within the United States has the right to claim the protection" of the specialty provision in a treaty). *Rauscher* "gave extradited defendants a right to claim the rule's protection." *United States v. Vreeken,* 803 F.2d 1085, 1088 (10th Cir.1986), *cert. denied,* 479 U.S. 1067, 107 S.Ct. 955, 93 L.Ed.2d 1003 (1987); *accord Restatement (Third) of the Foreign Relations Law of the United States* § 477 reporters' note 1 (1987). Levy has standing to raise the issue.

trafficking offenses. *See* R.Vol. II, Tab 46 at x78–79.

The order does specifically refer to the CCE count of the indictment. *See id.* Also, the Hong Kong courts clearly considered whether Levy could be extradited on that charge, and concluded both that it was an extraditable crime and that the evidence showed probable cause to believe that the elements were present. *See* R.Vol. I, Tab 18 at x8–34, x39–58, x62–66. Considering "the totality of the circumstances," *United States v. Flores*, 538 F.2d 939, 945 (2nd Cir.1976), we believe that Hong Kong intended to extradite Levy not only on the conspiracy and possession with intent to distribute charges, but also on the CCE charge. *See United States v. Herbage*, 850 F.2d 1463, 1466 (11th Cir.1988) (specialty was not violated by trying defendant on both fraud and misuse of the mails charges even though British magistrate's order analogized the latter to fraud), *cert. denied,* —— U.S. ——, 109 S.Ct. 1158, 103 L.Ed.2d 217 (1989); *United States v. Jetter*, 722 F.2d 371, 373 (8th Cir.1983) (considering all the circumstances and concluding that Costa Rica intended to extradite accused for substantive offenses and conspiracy, even though conspiracy was omitted from order); *see also United States v. Sensi*, 879 F.2d at 895–96; *United States v. Diwan*, 864 F.2d 715, 720–21 (11th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 3249, 106 L.Ed.2d 595 (1989); *United States v. Rossi*, 545 F.2d 814, 815 (2nd Cir.1976), *cert. denied,* 430 U.S. 907, 97 S.Ct. 1178, 51 L.Ed.2d 584 (1977). Prosecution of that count did not violate the rule of specialty. *See United States v. Lehder–Rivas*, 668 F.Supp. 1523 (M.D.Fla.1987) (finding specialty satisfied in the converse situation of CCE being mentioned in the surrender order, but not in the proceedings of the Colombian courts).

## II.

In addition, Levy attacks the validity of the CCE count of the indictment. Both of his arguments are foreclosed by Tenth Circuit precedent.

He first argues that the count should have been dismissed because the government violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968 ("Title III"), 18 U.S.C. § 2510–21, when it presented to the grand jury witnesses discovered through electronic surveillance whose testimony was relevant to that count. Both Levy's home and business were put under electronic surveillance, but neither authorization order mentioned CCE. *See* R.Supp.Vol. III, Tab 7 at 1 & Tab 9 at 1; R.Supp.Vol. II, Tab 3 at 1. Title III provides, in pertinent part, that when a law enforcement officer engaged in electronic surveillance intercepts communications relating to crimes other than those specified in the order, he or she must obtain judicial permission before disclosing those communications, or evidence derived therefrom, in a court proceeding. 18 U.S.C. § 2517(5).

Even if the use of those witnesses violated Title III, Levy would not have been entitled to the dismissal of the CCE count. The exclusive remedy for a past disclosure in violation of 18 U.S.C. § 2517(5) is the civil action created by 18 U.S.C. § 2520. *United States v. Davis*, 780 F.2d 838, 846 (10th Cir.1985); *United States v. Cardall*, 773 F.2d 1128, 1134 (10th Cir.1985).

Levy also argues that the CCE count of the indictment did not sufficiently set out the element of "a continuing series of violations of [21 U.S.C. §§ 801–971]." 21 U.S.C. § 848(c)(2). This element requires three or more such violations. *United States v. Staggs*, 881 F.2d 1527, 1530 n. 4 (10th Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 719, 107 L.Ed.2d 739 (1990). Levy was tried on four counts: the CCE count, two counts of possession of cocaine with intent to distribute, and one count of conspiring to possess cocaine with intent to distribute. The CCE count incorporated the other three. R.Supp. Vol. I, Tab 1 at 29.

Levy was convicted on each count except the conspiracy count, which was a lesser-included offense of the CCE count. He argues that conspiracy cannot be one of the predicate offenses. We rejected this argu-

**330**

ment in *United States v. Hall*, 843 F.2d 408, 410–11 (10th Cir.1988). The indictment was sufficient. *United States v. Staggs*, 881 F.2d at 1531.

The judgment of the district court is AFFIRMED.