**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

EMILIANO BARRAJAS-DIAZ,

    Defendant-Appellant.

No. 97-2351
(D.C. No. CR-95-104)
(District of New Mexico)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, Circuit Judge, **HENRY**, Circuit Judge, and **McWILLIAMS**, Senior Circuit Judge.

---

Emiliano Barrajas-Diaz ("Barrajas") was indicted on January 24, 1996, and charged in two counts with possessing methamphetamine with an intent to distribute and with possessing marijuana with an intent to distribute, both in violation of 21 U.S.C. § 841(a)(1). A superseding indictment was filed on October 16, 1996, charging Barrajas and ten other individuals with various drug offenses.

In the superseding indictment, Barrajas was named as a defendant in three counts

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.

of a nine-count indictment. In Count One Barrajas and the other ten defendants were jointly charged with conspiring from June 1994 to the date of the indictment to possess methamphetamine, cocaine and marijuana with an intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Sixty-six "overt acts" were spelled out in Count One, which identified by name the persons involved.

In Count Two of the superseding indictment Barrajas and three others were charged with engaging in a continuing criminal enterprise ("CCE") from June 1994 to the date of the indictment, "including but not limited to the violations alleged in Counts Three through Eight of this Indictment, which counts are realleged and incorporated herein by reference as if fully set forth in this count, all of which violations were part of a continuing series of violations of Title 21 of the United States Code, undertaken by the [four] defendants in concert with at least five (5) other persons with respect to whom each defendant occupied a position as organizer, supervisor and manager, and from which continuing series of violations the defendants herein obtained substantial financial income and resources," all in violation of 21 U.S.C. § 848(a), (b) and (c) and 18 U.S.C. § 2.

Counts Three through Eight charged other defendants, or combinations thereof, but not Barrajas, with possessing drugs with an intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 18 U.S.C. § 2. The alleged violations variously occurred between November 23, 1994 and November 30, 1995 in New Mexico and Western Texas.

In Count Nine, all eleven defendants were charged with criminal forfeiture in violation of 21 U.S.C. § 853(p). The forfeiture conviction is not at issue in this proceeding.

In a joint trial with the one defendant Ramon Montano, Barrajas was convicted on Count Two and was sentenced to imprisonment for 360 months and five years of supervised release.[1] Barrajas appeals his conviction and sentence. We affirm.[2]

On appeal, counsel argues that the district court should have dismissed Count Two of the indictment which charged a CCE offense, "based on the government's failure to charge a series of felony violations of federal drug laws." As far as we can tell from the record before us, there was no pretrial motion challenging the legal sufficiency of Count Two. However, at the close of the government's case, trial counsel moved to dismiss Count Two on the ground that there was insufficient evidence to show that Barrajas was guilty of "three additional felonies" as required to establish a "continuing" criminal enterprise.[3] In response to that motion, the government argued that one "predicate offense" was the conspiracy charged in Count One. Defense counsel concedes on appeal

---

[1]The district court instructed the jury not to consider the conspiracy charge if it found Barrajas guilty under Count Two.

[2]Montano separately appealed his conviction and sentence, which we have affirmed on this date.

[3]Although it is not mentioned in 21 U.S.C. § 848, the "courts generally agree that a 'series' [of such violations] requires proof of three or more related violations." *United States v. Apodaca,* 843 F.2d 421, 427 (10th Cir.), *cert. denied,* 488 U.S. 932 (1998). And the jury in the instant case was so instructed.

that this is correct. In this same regard, the government further contended that Counts Five and Six, which alleged the commission of two substantive offenses by some of Barrajas' co-conspirators, but did not name Barrajas as a defendant, could supply at least two more additional predicate offenses. In addition, the government argued that Count Four of the indictment constituted a fourth predicate offense, even though Barrajas was not a named defendant in that count, based on "overt acts 27 and 28 [set forth in Count One of the indictment], which alleged the circumstances of the Louisiana seizure where Aurelio Ramirez and Martin Vargas were arrested." In any event, the district court denied the motion to dismiss Count Two, and, as stated, the jury convicted Barrajas on Count Two.

On appeal, counsel, as we get it, challenges the sufficiency of the indictment, but does not challenge, as such, the sufficiency of the evidence. In any event, under applicable Tenth Circuit precedent, we believe the indictment is sufficient, and we also conclude that the evidence supports the jury's verdict that Barrajas was guilty of a CCE violation.

It is quite true that the indictment does not name Barrajas as a defendant in Counts Four through Six, nor in Counts Three through Eight, for that matter, though he was of course named as a defendant in Counts One and Two. But the fact that Barrajas was not named as a defendant in Counts Three through Eight does not mean that Count Two is legally insufficient.

In *United States v. Hall,* 843 F.2d 408 (10th Cir. 1988), we held that although a drug conspiracy was a lesser included offense of engaging in a CCE, the conspiracy could still be a predicate offense for the CCE charge. We also held in that case that reference to the "overt acts" listed in the conspiracy count was a permissible means of identifying other predicate offenses to meet the "series of violations" requirement of the CCE count. It would appear that in *Hall*, the CCE count did not set forth in any manner, i.e., in so many words or by incorporation, the predicate offenses.

In *United States v. Levy,* 905 F.2d 326 (10th Cir. 1990), *cert. denied,* 498 U.S. 1049 (1991), the defendant was charged in four counts, i.e., conspiracy, a CCE count, and two counts of possession of cocaine with an intent to distribute. The CCE count incorporated by reference the other three counts. We held in *Levy* that the CCE count was legally sufficient. Counsel points out, correctly so, that Levy was a named defendant in all the predicate offenses, and that Barrajas was not a named defendant in Counts Three through Eight. Such, under the present circumstances, is not decisive of the present case.

In *United States v. Staggs,* 881 F.2d 1527 (10th Cir. 1989), *cert. denied,* 493 U.S. 1020 (1990), this court, sitting en banc, held that the CCE count of an indictment did not have to expressly reallege or incorporate by reference the underlying predicate offenses on which the CCE count was based in order to give a defendant "fair notice" of the nature of the CCE charge where such underlying offenses were alleged in another count or counts of the same indictment. In *Staggs* we stated that the defendants were sufficiently

dentified with at least three other drug violations in the "overt acts" section of Count One of the indictment, i.e., the conspiracy count, to meet the "fair notice" requirement.

In the instant case, Counts Three through Eight were specifically incorporated by reference thereto in Count Two. True, Barrajas was not named as a defendant in any of those counts. However, in the "overt acts" section of Count One, i.e., the conspiracy count, it was alleged, *inter alia,* that Barrajas on January 29, 1995 recruited Hector Sanchez-Sanchez ("Sanchez") and Ernesto Cerda-Mincitar ("Cerda") in Yakima, Washington to transport controlled substances from El Paso, Texas to Chicago, Illinois, and that on January 30, 1995, Barrajas purchased airline tickets for Sanchez, Cerda, and two others, to travel from Seattle, Washington to El Paso, Texas, which they did. It was further alleged that on February 2, 1995, some of Barrajas' alleged co-conspirators hooked up a gooseneck trailer loaded with methamphetamine and marijuana to a Chevrolet pickup truck, which vehicle had been purchased by Barrajas on September 22, 1994, and directed Sanchez and Cerda to drive to Chicago, Illinois. It was then alleged, under the "overt acts" section of the conspiracy count, that while en route to Chicago, Sanchez and Cerda were apprehended in Las Cruces, New Mexico on February 3, 1995, and that a search of the trailer discovered approximately 675 pounds of methamphetamine and 241 pounds of marijuana. All of which ties in to Counts Five and Six of the indictment, which charged Sanchez and Cerda, and others, but not Barrajas, with possession with an intent to distribute methamphetamine (Count Five) and marijuana

(Count Six) on February 3, 1995. Under the cases above cited, such is sufficient to identify two underlying predicate offenses (in addition to the conspiracy alleged in Count One) upon which the charge in Count Two that Barrajas was "engaged" in a CCE violation of 21 U.S.C. § 848 was based.[4] In this regard we note that Count Two was also based on 18 U.S.C. § 2.[5] In short, the superseding indictment did charge a CCE violation and we reject counsel's argument that it did not.

One statutory requirement of 21 U.S.C. § 848 is that the participant in a CCE obtain "substantial income or resources" from the "enterprise." Counsel argues on appeal that the evidence is legally insufficient to show that Barrajas derived substantial income

[4]In this same vein, we also note that Count Three of the indictment charged Aurelio Ramirez-Garcia, and others, but not Barrajas, with unlawfully possessing on November 23, 1994, in the District of New Mexico and in the Western District of Texas, a mixture of cocaine with an intent to distribute in violation of 18 U.S.C. § 841(a)(1) and 841(b)(1)(A), and 18 U.S.C. § 2. Count Four charged Ramirez-Garcia, and others, but not Barrajas, with unlawfully possessing on January 2, 1995, in the District of New Mexico and the Western District of Texas, a mixture of cocaine with an intent to distribute. In the "overt acts" section of Count One, i.e., the conspiracy count, Barrajas was alleged to have recruited Ramirez-Garcia, and others, in November, 1994, to transport cocaine from El Paso, Texas, to Chicago, Illinois. It was further alleged under the "overt acts" section of Count One that on November 23, 1994, Ramirez-Garcia transported 400 pounds of cocaine from El Paso, Texas to Chicago, Illinois, in exchange for a promise of payment of $10,000 in U.S. currency. And it was also alleged in the "overt acts" section of the conspiracy count that on January 2, 1995, Ramirez-Garcia and another were instructed to transport 470 pounds of cocaine from El Paso, Texas, to Atlanta, Georgia, but that Ramirez-Garcia and his associate were arrested on January 4, 1995, in Shreveport, Louisiana while in possession of the 470 pounds of cocaine. These "overt acts" would seem to also tie Barrajas into Counts Three and Four.

[5]In *United States v. Jelinek*, 57 F.3d 655, 659 (8th Cir.), *cert. denied,* 516 U.S. 890 (1995), the Eighth Circuit held that "an aiding and abetting offense may be used as a predicate offense."

from the enterprise. We disagree. For example, it would appear that Barrajas on one occasion purchased a new car and a stereo system for $18,700.00, paid for the same in cash, and then later insured the vehicle. *See United States v. Losada,* 674 F.2d 167, 173 (2nd Cir. 1982) (stating that the statute does not prescribe a minimum amount of money required to constitute "substantial" income, but the language clearly was intended to exclude trivial amounts derived from occasional drug sales.) The evidence is sufficient in this regard.

Finally, counsel argues that the district court erred in refusing to grant a three-level sentence reduction under U.S.S.G. § 3El.l for Barrajas' "acceptance of responsibility." We find no error. Barrajas testified in his own defense and while he, in effect, admitted entering into a conspiracy, he, and his counsel, emphatically denied guilt of the CCE count. And for the entire nine-day trial Barrajas continued to deny his guilt of the CCE charge. Such conduct hardly mandates a reduction for acceptance of responsibility. *See United States v. Gallegos*, 129 F.3d 1140, 1146-47 (10th Cir. 1997).

Judgment affirmed.

ENTERED FOR THE COURT,

Robert H. McWilliams
Senior Circuit Judge